liPER CURIAM.
The defendant, Robert Lee Scott, pled guilty to one count each of simple burglary and conspiracy to commit simple burglary in exchange for the state’s agreement to dismiss an unrelated charge of possession of stolen property and to refrain from filing a habitual offender bill. The trial court imposed a 10-year sentence for the burglary and a concurrent four-year sentence for the conspiracy charge. The defendant appealed his ten-year hard labor sentence as excessive. We affirm.
In August 1996, the defendant and his girlfriend broke into the Van Avenue Child Care Center in Bastrop, Louisiana, and stole various items including a television set, a cable TV box, a mirror, a clock and a leather jacket. The police recovered several of the items when they executed a search warrant at the defendant’s residence. They also recovered other property, wheels and tires, which had been stolen in a separate incident. The defendant’s girlfriend made a full confession to the authorities concerning the child care center burglary.
The defendant argues that the trial court failed to consider that he is unlikely to engage in further misconduct and that his imprisonment would entail excessive hardship for his dependents. Because the defendant failed to move for reconsideration of sentence, as required by La.C.Cr.P. art. 881.1, he is relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,463 (La.App.2d Cir.2/25/98), 707 So.2d 164; State v. Park, 30,394 (La.App.2d Cir.2/25/98), 707 So.2d 1058.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or ^nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App.2d Cir.9/25/96), 680 So.2d 1296; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The pre-sentence investigation (PSI) report shows the 28-year-old defendant had a prior conviction for illegal possession of stolen property in 1989. He was granted probation, but it was later revoked. He had convictions for illegal possession of stolen property and simple battery in 1990, middle grade (felony) theft in 1991, and aggravated criminal damage to property in 1994. Although never married, he had fathered six children by different women; he provided no financial support for any of these children. In mitigation, the court considered defendant’s “rough upbringing” and his limited sixth grade education. The court found there was a need for correctional treatment and that defendant was likely to commit further crimes if not imprisoned.
We find no constitutional error in the sentence in this case. This mature, healthy, multiple felony offender with several larceny-related convictions received a substantial benefit from his plea agreement and presents no special circumstances which would mandate the imposition of a lesser term of imprisonment. Under the totality of the circumstances of this case, the penalty imposed does not shock the sense of justice and therefore is not constitutionally excessive.
IsWe have examined the record for error patent, La.C.Cr.P. art. 920(2), and found none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.