1 SULLIVAN, Judge.
A grand jury indicted Defendant, Winston A. Erwin, with manslaughter, a violation of La.R.S. 14:31(A)(1), for the shooting death of his son-in-law, Gary Wayne Brack. The State later moved to invoke the firearm sentencing enhancement provisions of La.Code Crim.P. art. 893.3. On the day of his trial, Defendant entered a plea of guilty to manslaughter with the understanding that the State would withdraw the firearm enhancement request should the trial court accept the plea. The trial court accepted the plea and later sentenced Defendant to three years at hard labor, to be served in the Vernon Parish jail, if permitted by corrections authorities. Defendant now appeals his sentence, arguing that it is excessive.
pFacts
Although the case was never presented for trial, the pertinent facts can be ascertained from testimony adduced at a pre-sentence hearing and from the trial court’s reasons for sentencing.
On August 21, 1997, Defendant, his daughter, Deborah Erwin Brack, and the victim had spent the evening in a bar near Leesville, Louisiana, notwithstanding the victim’s arraignment earlier that morning on domestic abuse charges brought by his wife. Defendant and the victim had an amicable relationship, and they had spent the afternoon replacing the alternator in the victim’s pickup truck. That afternoon, Defendant noticed that the victim had a .22 caliber firearm under the passenger seat of the truck.
At the bar, Defendant and the victim consumed large quantities of alcohol. Defendant, his family, and other patrons were familiar with the victim’s reputation for anger and violence when he was drinking. That evening, an altercation broke out between the victim and Defendant’s nephew, Johnny Erwin, Jr., in which the victim drew a knife. Defendant asked the victim to put the knife away, and the victim complied. Shortly thereafter, Defendant attempted to leave the bar, fearing that similar outbursts would follow.
As Defendant entered his vehicle, which was parked next to the victim’s truck, his daughter ran to him, crying that the victim had threatened to kill her. She asked that her father not let her leave with the victim, but she also warned him that the victim *668 threatened to kill them both if they left together. At that point, the victim came out of the bar and approached the passenger side of his truck, where Defendant and his daughter knew the victim kept his gun. (Defendant and his daughter also Jjtestified that they saw a knife in the victim’s hand as he exited the bar.) Defendant walked toward the victim, trying to calm the situation, but the victim told Defendant that he was going to “cut his goddamned head.” With this comment, Defendant drew a gun and fired twice, fatally wounding the victim. The police later found a .22 caliber pistol in the front seat of the victim’s truck and a closed pocket knife in the victim’s front pants pocket.
Assignment of Error
In his sole assignment of error, Defendant argues that the trial court ■ erred in not imposing a probated sentence, considering Defendant’s age, sixty-six, his ill health, and that he acted to protect himself and his daughter. In his motion to reconsider sentence, which the trial court denied, Defendant stated only that his sentence was excessive.
La.Code Crim.P. art. 881.1(A)(2) provides that a motion to reconsider sentence “shall set forth the specific grounds on which the motion is based.” In State v. Mims, 619 So.2d 1059 (La.1993), the defendant’s motion to reconsider sentence alleged only that the sentence imposed was excessive. In finding that the defendant preserved only a “bare claim of excessiveness,” the supreme court explained:
Under Article 881.1 the defendant must file a motion to reconsider and set forth the “specific grounds” upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to |4the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
Id. at pp. 1059-60 (emphasis added).
Because Defendant did not present “specific grounds” supporting his claim of excessiveness to the trial court, we find that review of his sentence on appeal is limited to a claim of constitutional exces-siveness. La.Code Crim.P. art. 881.1(D); State v. Tate, 95-1152 (La.App. 3 Cir. 3/6/96); 670 So.2d 671. In State v. Scott, 30,867, p. 1-2 (La.App. 2 Cir. 8/19/98); 716 So.2d 967, 968 (citations omitted), the second circuit recently stated:
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
Moreover, in State v. Pyke, 95-919, p. 4 (La.App. 3 Cir. 3/6/96); 670 So.2d 713, 715 (citations omitted), we stated:
[T]o constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. The trial judge is given *669 wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion.
By pleading guilty to manslaughter, Defendant faced a maximum sentence of forty years. La.R.S. 14:31(B). Defendant’s sentence of three years is in the lower statutory range and is potentially less than what could have been imposed had the State pursued the firearm sentencing enhancement under La.Code Crim.P. art. 893.3.
|5In sentencing Defendant, the trial court considered the sentencing guidelines of La.Code Crim.P. art. 894.1, a presen-tence investigation report, letters from the victim’s and Defendant’s families, and sentencing and grand jury transcripts. The trial court requested that Defendant’s sentence be served in the Vernon Parish jail, if possible, and that the sentence be subject to diminution for good behavior and parole eligibility.
The presentence investigation report indicates Defendant is a sixty-six-year-old widower with no felony criminal record. Defendant has a misdemeanor record, including three arrests involving alcohol, but the most recent arrest was in March of 1980. The report concludes: “Valid First Felony Offender. Lengthy misdemeanor record. Assaultive behavior pattern.” Defendant testified that his heart has a slight “misbeat,” but he presented no other evidence of serious health problems.
In mitigation, the trial court found that Defendant was motivated by a reasonable fear of harm to himself and to his daughter, considering the victim’s aggressive behavior throughout the evening. The trial court also found that Defendant was not likely to commit another crime and was not in need of correctional treatment or rehabilitation. However, the trial court stated that a suspended sentence would deprecate the severity of the offense in light of the magnitude of the loss sustained by the victim’s family. As the most aggravating factor, the trial court noted “[t]he fatal combination ... of knives, guns, and alcohol.”
Although alcohol is not listed as an aggravating factor in La.Code Crim.P. art. 894.1, the trial court may consider “[a]ny other relevant aggravating circumstances.” La.Code Crim.P. art. 894.1(21). Furthermore, the record suggests that this tragedy was avoidable, notwithstanding Defendant’s reasonable fear of the victim. Defendant Land his daughter testified that they were already in Defendant’s vehicle when the victim approached the passenger side of his truck, indicating that they could have left before the situation escalated. The record also suggests that the victim was not armed: his knife was found closed in his pocket and he had not reached his gun. Considering the entirety of the record, we find that a three-year sentence is not “grossly out of proportion to the seriousness of the offense.” Scott, 716 So.2d at 968.
Errors Patent
In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find no such errors.
Decree
For the above reasons, Defendant’s conviction and sentence are affirmed.
AFFIRMED.
AMY, J., concurs.