704 So.2d 930 (1997)
STATE of Louisiana, Appellee,
v.
Patrick NICHOLAS, Appellant.
No. 30104-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1997.
*931 Wyche & Wyche by Michael J. Nerren, Benton, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Spencer Hays, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and WILLIAMS, JJ.
BROWN, Judge.
Defendant, Patrick Nicholas, chose to plead guilty to possession of marijuana with intent to distribute in exchange for the state's agreement to dismiss another charge of possession of over 60 pounds of marijuana. In addition, the plea agreement included a sentencing cap of ten years.[1] Defendant's plea occurred on October 16, 1996; however, before sentencing, on December 27, 1996, he moved to withdraw his guilty plea. After a hearing, the motion was denied and defendant was sentenced to ten years at hard labor. He has appealed the denial of his motion and sentence. We affirm.

Discussion
The guilty plea colloquy shows that defendant, who was sworn by the court, stated that he was 47 years old, had a middle to high school education in Kingston, Jamaica, was able to read and write in English, had discussed the case with his attorney and understood the charge to which he was pleading guilty. The court examined defendant to insure that he understood that the plea agreement set a sentencing cap of ten years. Defendant stated that he understood *932 his Boykin rights, which the court enumerated, and agreed that no one, including his attorney, had used force, threats, coercion or promises to persuade him to plead guilty.
There was evidence which revealed that defendant was a principal in possessing the marijuana. Furthermore, the quantity involved reflects an intent to distribute. Defendant agreed that the state had sufficient evidence to convict him of the offense to which he was pleading guilty.[2]
At the hearing on the motion to withdraw his guilty plea, defendant said that he had told his attorney that he wasn't guilty, that he was just a passenger in the car. Defendant also related that his attorney repeatedly told him to "plead for five to ten." Defendant accused his attorney of forcing, bullying and swearing at him to make him plead guilty.
The trial court noted that defendant had been under oath when he pled guilty and though given the opportunity, had not complained about his counsel's services. The court then denied defendant's motion to withdraw his plea and imposed sentence.
The withdrawal of a guilty plea before sentencing is discretionary with the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. La.C.Cr.P. art. 559(A); State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993).
The entry of a guilty plea must be a free and voluntary choice. For a plea to be considered free and voluntary, the transcript must establish that defendant was informed of and waived his rights to trial by jury, to confront his accusers, and of his privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984).
In State v. Nuccio, the supreme court stated:

Boykin, furthermore, only requires that a defendant be informed of the three rights enumerated above. Its scope has not been expanded to include advising defendant of any other rights which he may have, nor the possible consequences of his actions.
State v. Nuccio, supra at 104.
The three specific Boykin rights were explained to and expressly waived by defendant, Patrick Nicholas. Thus, it fell to defendant in his motion to withdraw his guilty plea to show that the plea was in some manner not voluntary.
The district court, faced with defendant's self-serving and contradictory statements, found that defendant failed to meet the burden of proving that his guilty plea was involuntary. The trial court did not abuse its discretion in rejecting defendant's testimony that his attorney coerced his guilty plea.
We note that the district court did not inform defendant of the minimum sentence that could have been imposed. Informing a defendant of the statutory minimum sentence is not a requirement of Boykin and does not automatically render the plea invalid. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); Trujillo v. U.S., 377 F.2d 266 (5th Cir.1967). It was defendant's burden to show his lack of knowledge of the minimum sentence and that such ignorance affected his choice to such a degree that his guilty plea was not free and voluntary. Donnelly, supra.
At the hearing on the motion to withdraw his guilty plea, defendant stated that his attorney had told him to plead guilty for "five to ten." Defendant, by his own testimony, was clearly aware that the minimum sentence he would receive was five years, which is the statutory minimum. The state carried *933 its burden to show the defendant was correctly Boykinized. Thus, on the face of the record, defendant's guilty plea was his free and voluntary choice. Thereafter, defendant did not introduce any convincing evidence that his plea was not freely and voluntarily entered. The trial court did not abuse its discretion in refusing the motion to withdraw defendant's guilty plea.
Defendant next asserts that his ten year sentence is excessive.
Defendant agreed to the ten year cap. La.C.Cr.P. art. 881.2(A)(2) provides that defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision has been applied to agreements for specified terms, ceilings, ranges and caps. State v. Young, 96-0195 (La. 10/15/96), 680 So.2d 1171. This assignment has no merit.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NORRIS, J., concurs with reasons.
NORRIS, Judge, concurring.
The failure of the trial court to inform defendant on the record of the statutory minimum sentence does not, under the circumstances presented here, render the plea invalid.
NOTES
[1] The statute provided for a sentence of not less than five nor more than thirty years at hard labor. La.R.S. 40:966.
[2] In May 1996, a Louisiana State Trooper on I-20 in Bossier City observed a van closely following a small brown car. The trooper stopped the van and a consensual search revealed 73.2 pounds of marijuana in a hidden compartment in the van. The driver told the state trooper that the brown vehicle she was following belonged to her brother-in-law, contained three Jamaicans and was a part of the caravan.

Later that day, a state trooper in Monroe stopped the brown car with three occupants. Defendant was a passenger in the car. The state charged everyone involved with possession of over 60 pounds of marijuana and possession with intent to distribute.