707 So.2d 1058 (1998)
STATE of Louisiana, Appellee,
v.
Robert Edward PARK, Appellant.
No. 30394-KA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
Randall Robinson, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Spencer Hays, Randall Smith, Assistant District Attorneys, for Appellee.
Before HIGHTOWER, BROWN and GASKINS, JJ.
BROWN, Judge.
Defendant pled guilty to two counts of distribution of marijuana in exchange for the state's agreement to dismiss a charge of distribution of LSD and not to file a multiple offender bill. The district court imposed consecutive hard labor sentences of ten and *1059 five years which defendant appeals as excessive. We affirm.
In April and May 1994 defendant, then 19, sold quantities of marijuana to an undercover agent of the Bossier City Police Department for $20 and $30 respectively. The police reports also indicate defendant sold LSD to the same agent in May 1994.
Defendant did not file a La.C.Cr.P. art. 881.1 motion to reconsider the sentence in the trial court; thus, our review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Duncan, 30,453 (La.App. 2d Cir. 02/25/98), 707 So.2d 164. Constitutional review turns upon whether or not the sentence is illegal, grossly disproportionate to the severity of the offense or is shocking to a sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Defendant was charged with three offenses which occurred on separate dates. Therefore, he was subject to consecutive sentences of no less than five and no more than thirty years on each count. He received a substantial benefit from his plea bargain which secured dismissal of one count and the agreement not to file a habitual offender charge. He also involved his 16-year-old girlfriend in these offenses by using her car and having her handle the physical transfer of the money from the undercover officer. He had a prior conviction in 1994 for possession of a Schedule II CDS; however, after being placed on probation, he absconded and, when subsequently arrested in Nebraska, was extradited back to Louisiana.
Under the circumstances of this case, the sentences are not constitutionally excessive. The assigned error has no merit.
The convictions and sentences are affirmed.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
Having failed to move timely for reconsideration, the defendant is barred from attacking his sentence on appeal. La.C.Cr.P. art. 881.1; State v. Davis, 28,075 (La.App. 2d Cir. 05/08/96), 674 So.2d 1013; State v. Jackson, 629 So.2d 1374 (La.App. 2d Cir.1993), writ denied, 94-0201 (La.05/16/94), 637 So.2d 1046; State v. Jackson, 622 So.2d 1224 (La. App. 2d Cir.1993); State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993); State v. Bryant, 607 So.2d 11 (La.App. 2d Cir.1992), writ denied, 92-3082 (La.02/25/94), 632 So.2d 760.
Thus, I concur in the result.