718 So.2d 1057 (1998)
STATE of Louisiana, Appellee,
v.
Layla ROBERTS, Appellant.
No. 31219-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
*1058 Amy C. Ellender, Mer Rouge, for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, for Appellee.
Before NORRIS, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Layla Roberts, and Quntus Wilson were initially charged by bill of information with aggravated kidnapping, a violation of LSA-R.S. 14:44.1, and armed robbery, a violation of LSA-R.S. 14:64. Subsequently, the defendant was indicted by a Caddo Parish grand jury for the offense of aggravated kidnapping. After a trial, the defendant was found guilty as charged. The trial court sentenced defendant to serve the mandatory term of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The defendant was granted an out-of-time appeal and urges that the evidence produced at trial was insufficient to support his conviction and that the sentence is excessive. For the following reasons, we affirm.

FACTS
On September 26, 1995, at approximately 11:30 a.m., the victim, Claudia Oliver, left a grocery store located at the Eastgate Shopping Center in Shreveport, Louisiana, and walked to her black Chevrolet Suburban automobile. As she was entering her vehicle, an unknown man, who was later identified as the defendant, approached the victim. He pointed a gun at her head and told her to get into the backseat. Another man, later identified as Wilson, then entered the vehicle through the rear driver's side door and sat beside the victim in the backseat. The defendant sat in the driver's seat.
As defendant started the car and drove out of the lot, Wilson told the woman that they needed $5,000 and asked her what amount she could get. When the victim stated she could obtain only $250, Wilson said "I know you have more than that," and asked the name of her bank. Mrs. Oliver said that she *1059 used Premier Bank and could write a check for the amount in her account. She pleaded with the men not to harm her and Wilson responded that if she did not do anything "funny," she would not be hurt. He then demanded all of the cash from the victim's wallet.
The defendant drove to a Premier Bank branch at the corner of Freestate and North Market Streets and stopped at the drivethrough teller window. Mrs. Oliver cashed a check for the amount of $301.97 and received the money from the cashier. After the transaction was completed, the vehicle sped away from the bank and Wilson grabbed the money out of her hands. The defendant drove to the Grimmet Drive Apartments, which were not familiar to the victim. In an attempt to prevent her use of a payphone, Wilson demanded the change from her purse. The assailants then allowed the victim to get out of the vehicle. Wilson told the victim that they would return her automobile to a place near the area where she had originally parked. After the men drove away, the victim walked to the apartment office and telephoned the police.
Shreveport Police Officer Reggie Washington responded to the call. The victim gave him a description of the men and her vehicle and reported that they could be returning to Eastgate. Other police officers were waiting at the shopping center when the suspects drove the victim's automobile into the parking lot. The men ran from the vehicle and were chased by police surveillance officers into a nearby cotton field. The defendant was caught and placed under arrest. During a search, $162 in cash was removed from defendant's pants pocket.
Wilson, who was carrying a case which held a .32 caliber revolver, was also placed under arrest and searched. Approximately $208 was recovered from Wilson's pants pocket. The handgun which had been used by defendant was later found inside the victim's automobile. A Premier Bank cash envelope was recovered and provided police with identifiable fingerprints, which matched Wilson's right index and middle fingers. Officer Washington transported Mrs. Oliver to the Eastgate parking lot, where she positively identified the suspects as the men who had stolen her vehicle and money.
The defendant was indicted for aggravated kidnapping. After a trial, the defendant was convicted as charged. The trial court denied defendant's "Motion For Modification of Verdict" and sentenced defendant to serve life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals his conviction and sentence.

DISCUSSION

Sufficiency of the Evidence
In two assignments of error, the defendant argues that the evidence produced at trial was insufficient to support his conviction and that the trial court erred in denying his motion for modification. Defendant contends that the state failed to establish that he intended to force the victim to give up something of value in exchange for her release.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Anderson, 29,282 (La.App.2d Cir.6/18/97), 697 So.2d 651.
Aggravated kidnapping is the forcible seizing and carrying of any person from one place to another with the intent thereby to force the victim to give up anything of value in order to secure a release of the person who is in the offender's actual or apparent control. LSA-R.S. 14:44. Specific intent is a state of mind which may be inferred from the circumstances of the transaction and defendant's conduct. Whether the requisite intent is present in a criminal case is determined by the fact finder. State v. Hunter, 454 So.2d 131 (La.App. 2d Cir.1984).
The defendant concedes that the state's evidence proves the elements of forcible seizure and transport of the victim. However, defendant contends the record does not show that he possessed the intent to force the *1060 victim to give up something of value in exchange for release, and thus the state failed to establish the extortion element. We disagree.
In determining whether an aggravated kidnapping has occurred, the crucial question is whether the defendant sought to obtain something of value by playing upon the victim's fear and hope of eventual release in order to gain compliance with his demands. State v. Arnold, 548 So.2d 920 (La. 1989). Proof of intent to extort is shown not merely by the kidnapper's words or actions, but by analyzing whether a reasonable person in the victim's position would believe that she would not be safely released unless she complied with the kidnapper's demands. State v. Arnold, supra.
In the present case, defendant pointed a pistol at the victim's head, forced her into the vehicle's backseat and took control of her automobile in an effort to obtain money. At trial, the victim recalled that when she expressed fear for her safety, one of the offenders stated: "We don't want a trail of bloody bodies. If you don't pull anything funny, nobody will get hurt." The victim testified that those words, prompting a belief that she would be safely released upon relinquishing the money, influenced her not to run or report the crime in progress to the bank teller. Thus, although the offenders did not expressly communicate to the victim that she would have to surrender money in order to be released, the victim understandably perceived that her freedom was conditioned upon compliance with their demands.
Viewing all of the evidence in the light most favorable to the prosecution, we find the trial court could have reasonably concluded that the defendant's threatening actions manifested an intent to exploit the victim's fear and force her to surrender something of value in the hope of securing a safe release. Therefore, the record supports the defendant's conviction of aggravated kidnapping. The assignments of error lack merit.

Excessive Sentence
The defendant argues the trial court erred in imposing an unconstitutionally excessive sentence. He contends that the mandatory life sentence imposed is not justified because the trial court failed to consider relevant sentencing factors.
We note that the defendant failed to file a motion to reconsider sentence pursuant to LSA-C.Cr.P. art. 881.1. Thus, our review is limited to the claim that the sentence is unconstitutionally excessive. State v. Park, 30,394 (La.App.2d Cir.2/25/98), 707 So.2d 1058. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless infliction of pain and suffering. State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. The statutorily mandated sentence for a conviction of aggravated kidnapping is life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:44.
In his brief, defendant asserts that the district court should have considered various factors concerning his background and the seriousness of the offense. However, the defendant does not indicate the manner in which application of any such factors would require a different sentence in this case. At trial, the state presented evidence that the defendant was armed with a dangerous weapon and that he placed the muzzle of the pistol to the victim's head as he forced her into the vehicle. The defendant's use of a firearm and the concomitant potential for immediate deadly consequences to the victim reflect the seriousness of the offense and the danger created by defendant's conduct. There is nothing in the facts of this case to suggest that the imposition of the statutorily mandated sentence is excessive for this defendant, who created a terrifying situation for a victim who did not provoke any of his actions.
After reviewing the record, we conclude that the imposition of the mandatory life sentence, while severe, is neither grossly out of proportion to the seriousness of the offense *1061 nor a shock to our sense of justice. Therefore, we cannot say the sentence is unconstitutionally excessive.

Error Patent
We note that at the time of sentencing, the district court informed defendant that "you have three years to pursue any post-conviction relief remedies...." Such notice is incomplete. Pursuant to LSA-C.Cr.P. art. 930.8, the three-year prescriptive period begins to run when the defendant's conviction and sentence become final. The district court is directed to provide defendant with appropriate written notice within ten days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record. No other error patent was found.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.