I,GASKINS, Judge
The defendant, Jeffrey L. Davis, appeals as excessive his sentence to six years at hard labor, without benefit of parole, probation or suspension of sentence, following his plea of guilty to the offense of armed robbery. Also, the defendant objects to the trial court’s denial of his motion to withdraw his guilty plea. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
During the early morning hours of September 26, 1997, Ivory Mock was at his home. Also at the residence were his girlfriend, Barbara Jones, her children, and Sedrick Fields. Three individuals entered the house screaming “Metro, Metro.” Some of the individuals were armed. The perpetrators were looking for money and/or drugs. Ms. Jones was able to slip out of the house and summon the police.
At some point, a gun was discharged inside the home. Mr. Fields was able to run out of the house. Mr. Mock was taken to the front porch, where he struggled with the defendant, who was armed with a gun. The weapon discharged and Mr. Mock was shot in the leg. Mr. Mock was able to gain control of the gun and fired several shots as the defendant fled the scene. Some jewelry and other things of value were taken from the home.
The defendant was arrested and charged with one count of attempted second degree murder and one count of armed robbery. A plea bargain agreement was reached, whereby the defendant was allowed to plead guilty to one count of armed robbery. In exchange for the plea, the prosecution agreed to dismiss the charge of attempted second degree murder and the defendant agreed to testify regarding the involvement of other individuals in this case. Further, the prosecution, defense and the court agreed that the defendant would receive a ^sentence of between five and ten years at hard labor, without benefit of parole, probation, or suspension of sentence. On April 20, 1998, the defendant entered a plea of guilty to one count of armed robbery, in accordance with the terms of the plea bargain agreement.
On June 26, 1998, the defendant appeared before the trial court and sought to withdraw his plea of guilty, arguing that his lawyer told him he was facing a maximum exposure of 149 years on the offenses originally charged, thereby intimidating him to plead guilty to the reduced charge. The trial court rejected the motion to withdraw the guilty plea, and, in accordance with the plea bargain agreement, sentenced the defendant to serve six years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant appealed, claiming the court erred in imposing an excessive sentence and in denying the motion to withdraw the plea of guilty.
*961 EXCESSIVE SENTENCE
The defendant objects to the sentence imposed by the trial court. He argues that the trial court should have ordered him to serve the minimum sentence, five years at hard labor, without benefit of parole, probation or suspension of sentence, since this was his first felony conviction. The defendant further argues that the trial court did not comply with La. C.Cr.P. art. 894.1 and, therefore, this court is without the information necessary to justify the sentence. These arguments are without merit.
As previously stated, the defendant was originally charged with attempted second degree murder and armed robbery. Pursuant to a plea bargain agreement, the charge of attempted second degree murder was dismissed and the defendant pled guilty to one count of armed robbery, subject to a sentence cap of ten years at | shard labor -without benefit of parole, probation, or suspension of sentence. In accordance with the terms of the plea bargain agreement, the trial court sentenced defendant to serve six years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
The defendant has no right to appeal his sentence. La.C.Cr.P. art. 881.2(A)(2) provides that “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This provision applies to both agreed sentences and agreed ceilings, ranges or caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Bradley, 30,672 (La.App. 2d Cir.5/13/98), 714 So.2d 125; State v. Nicholas, 30,104 (La.App. 2d Cir.12/10/97), 704 So.2d 930. The plea agreement in this case was set forth in the record at the time of the plea. The prosecution, the defendant, and the trial court all agreed to the ten-year cap for defendant’s sentence, and the subsequent sentence imposed was within the limits of the agreement. Therefore, the defendant is precluded from attacking his sentence on appeal.
Accordingly, the defendant’s argument that the trial court failed to comply with the provisions of La.C.Cr.P. art. 894.1 in imposing sentence cannot be considered. We also note that the defendant failed to file a motion to reconsider sentence in this case as required by La.C.Cr.P. art. 881.1(D).[1] Therefore, had the defendant not had an agreed sentence cap or ceiling, his claim regarding La.C.Cr.P. art. 894.1 still would not be reviewable. See State v. Handley, 96,0631 (La.App. 1st Cir. 12/20/96), 686 So.2d 149, writ denied 97-0189 (La.6/13/97), 695 So.2d 986. He would be limited only to a review of the sentence for excessiveness. State v. Park, 30,394 (La.App. 2d Cir.2/25/98), 707 So.2d 1058; State v. Roberts, 31,219 (La.App. 2d Cir.9/23/98), 718 So.2d 1057. Although under the circumstances of this case we are not required to make such a review, if we were, we would find that the trial judge articulated ample facts to support the sentence.
WITHDRAWAL OF GUILTY PLEA
The defendant argues that the trial court erred in denying his motion to withdraw or set aside his guilty plea. The defendant contends that his attorney informed him that, as originally charged, he faced a maximum sentencing exposure of 149 years at hard labor. He claims this created duress and intimidation which caused him to plead guilty when, in fact, maximum consecutive sentences would not be imposed upon a first felony offender. According to the defendant, these facts call into question the voluntariness as well as *962 the informed or knowing nature of the plea. The defendant also argues that the trial court erred in failing to conduct a formal’ evidentiary hearing before denying the motion to withdraw the plea of guilty. These arguments are without merit.
Legal Principles
The trial court may permit a guilty plea to be withdrawn at any time prior to sentencing. La.C.Cr.P. art. 559(A). The clear language of the article provides that the withdrawal of a guilty plea is discretionary with the trial court. It is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Bates, 29,252 (La.App. 2d Cir.1/22/97), 711 So.2d 281; State v. Swafford, 30,651, 30,652 (La.App. 2d Cir.6/24/98), 715 So.2d 104; State v. Nicholas, supra. A plaintiff has no absolute right to withdraw a guilty plea. State v. Bates, supra; State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993).
 The entry of a guilty plea must be a free and voluntary choice. State v. Galliano, 396 So.2d 1288 (La.1981); State v. Nicholas, supra. For a plea to be considered free and voluntary, the transcript must establish that the defendant was informed of and waived his right to a trial by jury, to confront his accusers and of his privilege against self-incrimination. State v. Nicholas, supra.
When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the Boykinization and consider all relevant factors. A court, when called upon to ascertain an accused’s state of mind, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of the guilty plea, whether inside or outside of the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. State v. Griffin, 535 So.2d 1143 (La.App. 2d Cir.1988).
Reasons supporting the withdrawal of a guilty plea would ordinarily include factors bearing on whether the guilty plea was voluntarily or intelligently made, such as a breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea. State v. Griffin, supra.
Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. State v. Bates, supra. Also, misunderstandings between the defendant and his defense counsel do no render a guilty plea involuntary. State v. Johnson, 95-626 (La.App. 3d Cir.12/13/95), 666 So.2d 1137, writ denied 96-0156 (La.4/19/96), 671 So.2d 925. Bare allegations of improper representation by counsel and that a plea was induced by threats, promises and intimidation will not support the withdrawal of a guilty plea, especially when the record shows that the guilty plea was made voluntarily and with a full understanding of the nature of the charges as well as the consequences of the plea. State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984).
When a motion to withdraw a plea is made prior to sentencing, a court may hold an evidentiary hearing, but is not required to do so. State v. Greer, 572 So.2d 1166 (La.App. 1st Cir.1990). In fact, where the record does not reflect that an evidentiary hearing was requested in the trial court, and where the defendant does not object to the failure to hold a hearing, a defendant has not properly preserved the issue on appeal. La.C.Cr.P. art. 841; State v. Lewis, 633 So.2d 315 (La.App. 1st Cir.1993). See also State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984).
Discussion
The defendant’s argument that his attorney misinformed him concerning the maximum sentencing exposure, as originally charged, thus intimidating him to plead *963 guilty, is not supported by the record. First, we note that the defendant was originally charged with attempted second degree murder and armed robbery. The maximum sentence exposure for these two offenses is, in fact, 149 years at hard labor, without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:30.1, 14:27(D)(1), and 14:64. Whether the defendant would have actually received maximum consecutive sentences is speculative. However, when entering his guilty plea, the defendant was fully aware that the charge of attempted second degree murder was being dismissed and that he faced only a maximum sentence of |7ten years at hard labor without benefit of parole, probation or suspension of sentence.
The trial court went through an extensive colloquy with the defendant and explained to him the rights that he was waiving by pleading guilty. The court informed the defendant he would be waiving the right to have a trial, either in front of a judge or a jury. The trial judge then told the defendant that if he elected to have a jury trial, 10 out of 12 jurors would have to agree to reach a verdict. The trial judge informed the defendant that at a trial, the state would have the burden of proving guilt beyond a reasonable doubt and that the defendant would not be required to prove his innocence. The trial judge explained to the defendant that by pleading guilty, he would be waiving his right to remain silent, his right to confrontation, and his right to compulsory process. The trial judge told the defendant that he would be waiving his initial and direct right of appeal. The trial court specifically asked the defendant if he understood the rights that would be waived by a plea of guilty and whether the defendant still wished to enter a guilty plea. The defendant stated that he understood his rights and wished to waive them by entry of a guilty plea.
The trial judge explained to the defendant the terms of the plea bargain agreement, as outlined above. The defendant agreed to plead guilty to one count of armed robbery and the charge of attempted second degree murder was dismissed. The trial judge informed the defendant that the statutory penalty for armed robbery was not less than five nor more than ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. However, under the terms of the plea bargain agreement, there was an agreed sentence range of five to ten years at hard labor without benefit of parole, probation, or suspension of ^sentence. The trial judge informed the defendant that he had sentenced another individual in a case arising out of the same facts to eight years. The court stated, “So what that means is whatever I give you from five to ten years you’re going to have to - You will not be able to make parole. I can’t suspend it and place you on probation. And I don’t know how much of that sentence the Department of Corrections will make you serve. Was that explained to you?” The defendant responded affirmatively. The court then asked the defendant, “Knowing all of that do you still want to plead guilty?” The defendant replied, “Yes, sir.”
In arguing that the guilty plea should be withdrawn, the defendant became somewhat equivocal regarding his degree of participation in the offense. However, the record before us demonstrates that the defendant committed all necessary elements of the offense of armed robbery. Further, at the time the guilty plea was entered, the court asked the defendant’s counsel whether, from his investigation of the facts of the case and discussion with the defendant and others, he was satisfied that all of the necessary elements of the crime to which the defendant pled guilty were present. Defense counsel responded affirmatively. The defendant was then asked again before the entry of the plea whether anybody threatened him in order to induce a guilty plea. The defendant denied such intimidation.
*964 Based upon this record, it is clear that the defendant was fully aware that he had an agreed sentence range and would be sentenced from five to ten years at hard labor without benefit of parole, probation or suspension of sentence. The record does not support the defendant’s argument that he was erroneously informed regarding his potential sentencing exposure, nor does the record reflect any coercion or intimidation to encourage the defendant to plead guilty. The trial |acourt correctly found that the defendant’s plea was knowingly, intelligently and voluntarily entered and that there was a factual basis for the defendant’s plea.
We also find that the trial court did not err in failing to hold an evidentiary hearing on the motion to withdraw the guilty plea. When the defendant appeared before the court for sentencing, he made an oral motion to withdraw the plea before sentence was imposed. The motion was neither made nor discussed on the record, but at a bench conference. During the sentencing hearing, the trial judge stated on the record that he had denied the motion to withdraw the guilty plea for the reasons stated at the sentencing hearing. Defense counsel noted for the record an objection to the trial court’s denial of the motion. However, the record does not reflect that the defendant requested an evidentiary hearing on his motion to withdraw the guilty plea, that such a request was denied by the trial court or that the defendant objected to a denial of an evi-dentiary hearing.
The facts in the present case are distinguishable from those in State v. Griffin, supra. Under the facts presented in Griffin, this court held that, “In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant’s motion- to withdraw a guilty plea.” However, in Griffin, no hearing whatever was allowed on the motion to withdraw. In fact, this court stated that it was not possible to tell from the record the reason the defendant desired to withdraw his guilty plea. In Griffin, given the defendant’s youth, limited education, the fact that his attorneys did not support his desire to withdraw the guilty plea and the fact that the defendant entered an Alford plea, not admitting his guilt, this court found that the trial court should have made some inquiry into the |inreasons for the defendant’s request, rather than denying the request without affording an opportunity for further explanation.
In the present case, the defendant is not a youthful offender, has an eleventh grade education and did not enter an Alford plea. Although in the pre-sentence investigation the defendant asserted that he was not an active participant in the offense, the record shows otherwise and provides ample evidence that the defendant committed all necessary elements of the offense of armed robbery. A more important distinction in this case is that the defendant was given ample opportunity at a bench conference to present his reasons in support of the request to withdraw the guilty plea. Therefore, the defendant in the present case was not completely denied an opportunity to present his argument, as was the case in State v. Griffin, supra. The defendant was allowed a hearing on his motion, even though it was not an evidentiary hearing. Further, the defendant has made no showing regarding what evidence or testimony he could have produced at an evidentiary hearing in support of his motion. Under the facts presented in this case, the defendant was allowed to present argument regarding his motion. The defendant then objected only to the trial court’s ruling on the motion. He did not request a particular form of hearing in the trial court nor did he object, in the trial court, to the form of the hearing afforded him on his motion to withdraw his guilty plea. Therefore, the trial court did not abuse its discretion in refusing to allow the defendant to withdraw his guilty plea and *965 did not err in failing to order an evidentia-ry hearing on the motion to withdraw.
CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Jeffrey L. Davis, are affirmed.
AFFIRMED.

. La.C.Cr.P. art. 881.1(D) provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.