BLEICH, J. (Pro Tempore )
These consolidated criminal appeals arise from the Fifth Judicial District Court, Richland Parish, the Honorable Stephen G. Dean presiding. Defendant, D'Andrae McGarr, pled guilty to aggravated burglary and was sentenced to 15 years at hard labor ( No. 52,641 -KA); Defendant also pled guilty to simple burglary of an inhabited dwelling and was sentenced to 12 years at hard labor ( No. 52,642 -KA). Defendant has appealed, urging that the trial court erred in finding that his guilty pleas were knowing and voluntary and in denying his motion to withdraw his guilty pleas.[1] For the reasons set forth below, Defendant's sentences are vacated and the case is remanded for further proceedings consistent with this opinion.
FACTS
On February 3, 2017, Defendant was charged by bill of information with Count One: aggravated burglary, Count Two: criminal conspiracy to commit aggravated burglary, Count Three: armed robbery, and Count Four: criminal conspiracy to commit armed robbery. ( No. 52,641 -KA). On March 22, 2017, Defendant was charged with Count One: simple burglary of an inhabited dwelling and Count Two: criminal conspiracy to commit simple burglary of an inhabited dwelling. ( No. 52,642 -KA). All of the alleged crimes occurred in 2016.
Proceedings for Guilty Plea
Defendant negotiated a plea agreement with the State, and on March 9, 2018, he pled guilty to aggravated burglary and simple burglary of an inhabited dwelling; all other counts were dismissed. ( No. 52,641 -KA, R.pp. 52-67.)[2] Defendant was represented by attorney Micah Hoggatt. At the plea colloquy, the prosecutor stated:
This is our first priority trial case for March 19th. There has been a plea offer on the table for quite some time on Mr. McGarr's case... Mr. Hoggatt got involved pretty quickly. Met with Mr. McGarr. He's met with me. He negotiated over the last couple of weeks and final agreement is as follows: the defendant will be pleading guilty [in the first *1192 case] to the charge of aggravated burglary...the state will dismiss counts two, three and four against Dandrae McGarr. He'll also be pleading guilty [in the second case] to simple burglary of an inhabited dwelling... The state will dismiss count two.
A factual basis on the aggravated burglary is that Mr. McGarr, Bolathia Brown, and at least one other person went into a house of the victim in this case, Justin Richardson, and [sic ] with a weapon. So, they entered the residence with a weapon and with the intent to commit a theft or felony therein. Not only was the resident at home, the gun was involved and a battery was committed on the homeowner or the victim in the house. And items were in fact stolen from the residence. With regard to the charge of simple burglary of an inhabited dwelling, the evidence is that Rashad Naylor and Dandrae McGarr went into a residence of Deanna Hanson and Michael Ray Harrison... In Rayville and committed burglary of that residence.
....
And judge, I'll represent to the court that we had a plea in place. Mr. McGarr came here this morning. Counsel, he started rethinking it. He spoke to the attorney. He indicated to his attorney he wanted to speak to me and he did. He asked me some questions. He quite frankly he asked me for a little more leniency. He asked me to consider some additional facts. He asked me a variety of questions which his lawyer said [the prosecutor] is here. He'll answer any questions you have. He'll explain anything you want explained. And did answer all of his questions. Represented to him what we felt like the case was and what we would prove at trial. And he, after some period of time, indicated he did want-accepted the plea. And I did tell him, I said look, this case is a priority case. We're not going to wait until next week. If you're going to accept this plea, then we need to do it because otherwise we're going to be getting ready for trial this coming week. He indicated that he did want to take the plea. But, he said, I want to come back and be sentenced. I said, that's not a problem. Actually under the law he is entitled to do that. So, I told him we'll enter the plea today and you have a written plea agreement on your bench and he asked to come back and be sentenced on...March 14th.
(R.pp. 52-54.)
At the time of Defendant's plea, the trial court then ascertained his age (19), his education level (11th grade), his understanding of English, whether he had any difficulty communicating with his attorney, his work experience (none), whether he had taken any drugs, alcohol or medication within the past five days, and whether Defendant had any physical, emotional or mental problems that would affect his ability to understand the proceedings. (R.pp. 56-58.) The trial court found Defendant competent to enter his plea and waive his constitutional rights "freely, voluntarily and intelligently." (R.p. 58.)
After being sworn. Defendant affirmed that he had the opportunity to discuss with counsel his case, the charges, his potential defense, and the maximum and minimum sentences he could receive if he did not enter into the plea agreement. (R.p. 58.) Defendant asserted that he did not need additional time with his attorney and was completely satisfied with his services. (R.pp. 58-59.) The trial court then had the following exchange with Defendant:
TRIAL COURT: The charge against you in count one, to which you intend to plead guilty, state [sic ] that on or about December 14, 2016, you committed aggravated burglary of the dwelling belonging to Justin Richardson, *1193 located at Jones Street, Rayville, Louisiana, while armed with a dangerous weapon. Do you understand that, that's one of the charges we're talking about today?
DEFENDANT: Yes, sir.
TRIAL COURT: You are charged with committing the crime of simple burglary of an inhabited dwelling in that on or about December 31, 2016, you committed simple burglary of an inhabited dwelling belonging to Deanna Harrison and Michael Ray Harrison located at 308 Morgan Street, Rayville, Louisiana. Do you understand that, that's the other charge we're talking about today?
DEFENDANT: Yes, sir.
PROSECUTOR: Judge, on that, before you go ahead? My understanding is that talking with the witnesses in that case, the simple burglary of an inhabited dwelling, that the facts are that Rashad Naylor went into the house with him and Rashad actually had a weapon with him in that particular case but you didn't. Is that-am I stating that correctly?
DEFENDANT: Yes, sir. But neither of us had a weapon.
PROSECUTOR: Oh, neither one of you did?
DEFENDANT: No, sir.
(R.pp. 59-60.) The trial court then read the statutory provisions for each charge, La. R.S. 14:62.2 and La. R.S. 14:60, including the maximum and minimum sentences, and Defendant stated he understood the charges and the sentencing ranges. (R.pp. 60-61.)
Defendant affirmed his belief that he had been treated fairly with the plea agreement. (R.p. 61.) The trial court asked Defendant if anyone, including his attorney, the district attorney or sheriff's office, had made any threats or promises in order to persuade him to enter the guilty plea as stated by the district attorney. Id. Defendant affirmed that he had not been forced, threatened or tricked into pleading guilty, and that he was pleading guilty voluntarily and of his own free will because he was guilty. Id.
The trial court told Defendant that by pleading guilty, he was giving up certain rights, including the rights not to plead guilty and have a speedy and public trial by jury, to have the assistance of a lawyer that would be appointed if he could not afford one, that the state had the burden to prove his guilt beyond a reasonable doubt at trial, the right to confront his accusers, the right to testify at his trial, the privilege against self-incrimination, and the right to appeal his conviction if found guilty at trial. (R.pp. 61-63.) The court explained that Defendant would be forfeiting these rights by pleading guilty. Defendant stated that he understood he was giving up each of those rights. Id.
Defendant was then given an opportunity to discuss anything he did not understand with his attorney or the trial court, which Defendant declined to do. (R.p. 63.) Defendant stated that he understood that he would not be allowed to appeal or seek review of the length of his sentences, and that the trial court would not be able to amend, modify or reduce his sentences after Defendant had begun serving them. Id. Atty. Hoggatt affirmed that he found Defendant competent, able to discuss his case, and cooperative, and that he was able to advise Defendant of the nature of the charges against him and his constitutional rights, and that those rights had been observed. (R.pp. 63-64.) Atty. Hoggatt affirmed that Defendant understood the consequences of the plea agreement. (R.p. 64.)
The trial court stated that it found that the plea was "entered freely and voluntarily with an understanding of the nature of the charges as well as the consequences of *1194 the plea, including the defendant's understanding of the plea agreement, which he has signed in the presence of other witnesses, and signed in open court. It has a factual basis containing the elements of the crimes charged. And the plea is accepted." Id.
Sentencing Proceedings
On March 14, 2018, the trial court held a sentencing hearing. Atty. Hoggatt had a different attorney, John Ellis, stand in for him at the sentencing hearing, with the approval of Defendant and the trial court. (R.pp. 66-67.) Prior to sentencing, the following significant exchange occurred:
ATTY. ELLIS: Mr. McGarr has just informed me that he wishes to withdraw his plea. I have instructed him that it is up to the Court to determine if the Court is willing to allow him to do that. Consequences is that you will proceed to trial as the District Attorney's Office has charged you.
DEFENDANT: Yes, sir. I will.
ATTY. ELLIS: Apparently he has a statement here in which he would like to read. I would advise you not to do so. Anything you say in that...
THE COURT: Mr. Ellis, before we go forward, am I to understand that he's asking the Court to vacate his plea that was taken this past Friday?
ATTY. ELLIS: That's what he just informed me, Your Honor.
THE COURT: Mr. McGarr, is that correct?
DEFENDANT: Yes, sir.
THE COURT: The plea was actually entered and the sentence was also put in place under the plea. Everything was completed that day. Is that correct?
PROSECUTOR: Oh, yeah. It's final-all he is here to do is to be sentenced today. Yeah. The state is not going to agree to any sort of-and I knew this was coming. I mean, you could-you could see it coming a mile away, Judge. The fact of the matter is, he knowingly and voluntarily ...
....
PROSECUTOR: He knowingly and voluntarily waived his rights. He was here with counsel who had negotiated a plea. And it's a substantial reduction from what the original plea had been. He knew and you went through the entire Boykin process with him. And he's not entitled to withdraw his plea. You know, this was one of our first priority trial case[s] for Monday. And it's not the first time somebody has tried to do this. But the state is going to object and ask the Court to impose the sentence agreed upon.
....
THE COURT: Otherwise, the Boykin was successfully completed. The Court was satisfied that he was doing it knowingly and intelligently and of his own volition. He made those statements under oath to the Court. The agreed upon sentence is stated here. And the agreement was that he would have until today to be sentenced. Is that correct, [Prosecutor]?
PROSECUTOR: Yes sir, Judge.
THE COURT: My appreciation-and Mr. Ellis, I'm not ignoring you but I know you weren't present for the actual Boykin . Mr. Hoggatt was present.
....
THE COURT: Now, Mr. McGarr has now requested to make a statement to the Court as to why he's requesting this. Counsel has advised him not to do so. The Court is not going to receive that statement over the advise [sic ] of counsel.
....
*1195 THE COURT: So that is not going to be permitted into the record. And I'm prepared to sentence the gentleman today.
(R.pp. 70-73.)
Atty. Ellis then told the trial court that he had not had the opportunity to view Defendant's plea agreement. (R.p. 74.) Atty. Ellis then read the plea agreement, conferred with Defendant and stated that they were ready to proceed with sentencing. Id. Atty. Ellis, however, further stated that Defendant was maintaining his position that he wished to withdraw his guilty plea. (R.pp. 74-75.) The trial court then stated:
Mr. McGarr, we went through this process this past Friday with [sic ] the Court undertook not only a special fixing but a lot of time with you concerning this matter to accommodate you. Which I had no objection to doing. And I still have no objection to doing. Because I believe it is incumbent upon the court to make certain when I'm talking to a defendant that he not only knows what he's doing by he's doing this of his own volition. You're willing to do it. I had no indication at the sentencing [sic ] that you did not intend to do so. And you actually stated under oath to the Court several time that you were pleading guilty because you were guilty and no one was forcing or threatening or intimidating you into doing so. Therefore, I'm going to deny your motion. I'm not going to permit you to withdraw your guilty plea. And I'm going to impose sentence today as agreed in the plea agreement. Do you have any questions about that? Ask counsel if you do before I proceed.
(R.p. 75.)
The trial court then sentenced Defendant to 15 years at hard labor on the aggravated burglary charge and 12 years at hard labor on the simple burglary charge. (R.p. 76.) The sentences were to run concurrently, and Defendant was given credit for time served. Id.
The trial court did not inquire as to why Defendant wanted to withdraw his guilty plea, and Defendant was not allowed to give a statement to the trial court.
On March 22, 2018, Defendant filed a designation of record and a notice of intent to seek supervisory review with this Court, stating "Before being sentenced, [Defendant] moved to withdraw his plea of guilty tendered on March 5, 2018 based on factual grounds of being mislead [sic ] by counsel, the plea was not freely and voluntarily entered, and [there was a] lack of factual knowledge of the elements of the charges." Defendant then filed a writ for supervisory review with this Court.[3]
On May 21, 2018, Defendant filed a motion for writ of habeas corpus ad prosequendum , requesting a hearing before the trial court. The trial court initially set a hearing date for the motion, but on June 1, 2018, the trial court issued an order stating that, upon review, Defendant was not entitled to the relief he sought, and a hearing on the motion to withdraw the guilty plea was "unnecessary." The trial court then denied the motion. On August 9, 2018, this Court granted Defendant's writ for supervisory review and converted Defendant's writ to an appeal. Defendant then perfected the instant appeal before this Court.
DISCUSSION
Defendant argues that his guilty pleas were not knowingly and voluntarily made because he was 19 at the time he pled guilty; he had a new attorney at the time he entered the pleas; defense counsel, and *1196 not Defendant himself, confirmed the factual basis for the guilty pleas; and, Defendant objected to part of the factual basis for the simple burglary of an inhabited dwelling charge, on which the trial court failed to question him further. Defendant states that, because the trial court failed to make such an inquiry, it failed to perfect the record during Defendant's guilty plea colloquy.
Defendant also contends that the trial court erred when it refused to consider his oral motion to withdraw his guilty pleas. According to Defendant, the trial court did not ask him why he wanted to withdraw his guilty pleas. Defendant argues that he was misled by counsel, the plea was not freely and voluntarily entered, and there was a lack of factual knowledge of the elements of the charges. Defendant also asserts that the trial court did not give him a full chance to raise his concerns at a contradictory hearing. Defendant asks this Court to vacate his convictions and sentences and remand this matter to the trial court for further proceedings.
The State argues that the record shows that the trial court followed each relevant statutory requirement for accepting Defendant's guilty plea. The State further avers that Defendant has no absolute right to withdraw his guilty plea, and the discretion to do so rests with the trial court. The State argues that, because the relevant statutory requirements were met regarding Defendant's guilty pleas, the trial court's denial of Defendant's motion to withdraw his guilty pleas cannot be reversed absent an abuse of discretion. According to the State, there was no such abuse of discretion in this case, and this Court should affirm Defendant's guilty pleas and sentences.
As amended in 2014 , La. C. Cr. P. art. 559(A) provides that, upon motion of the defendant and after a contradictory hearing , which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence. (Emphasis added.) The discretion to allow the withdrawal of a guilty plea under La. C. Cr. P. art. 559(A) lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Martin , 48,045 (La. App. 2 Cir. 05/15/13), 115 So.3d 750. A defendant has no absolute right to withdraw a guilty plea. Id.
Under La. C. Cr. P. art. 556.1, a valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats. La. C. Cr. P. art. 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ; State v. Cooper , 52,408 (La. App. 2 Cir. 11/08/18), 261 So.3d 975 ; State v. Martin, supra.
An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra ; State v. Johnson , 51,430 (La. App. 2 Cir. 07/05/17), 224 So.3d 505 ; State v. Kennedy , 42,850 (La. App. 2 Cir. 01/09/08), 974 So.2d 203. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. State v. Crosby , 338 So.2d 584 (La. 1976) ; State v. Johnson, supra ;
*1197 State v. Stephan , 38,612 (La. App. 2 Cir. 08/18/04), 880 So.2d 201. A validly entered guilty plea, or plea of nolo contendere , waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois , 406 So.2d 550 (La. 1981) ; State v. Cooper, supra ; State v. Hardy , 39,233 (La. App. 2 Cir. 01/26/05), 892 So.2d 710.
When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the Boykinization and consider all relevant factors. State v. Griffin , 535 So.2d 1143 (La. App. 2 Cir. 1988) ; State v. Green, 468 So.2d 1344 (La. App. 1 Cir. 1984) ; State v. Banks , 457 So.2d 1264 (La. App. 1 Cir. 1985). A court, when called upon to ascertain an accused's state of mind, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. State v. Lewis , 421 So.2d 224 (La. 1982) ; State v. Galliano, 396 So.2d 1288 (La. 1981) ; State v. Griffin, supra .
In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant's motion to withdraw a guilty plea. State v. Lewis, supra ; State v. Griffin, supra . Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea. Id.
In State v. Griffin, supra , this Court set aside the sentence of a defendant who wished to withdraw his guilty plea. This Court remanded the case to the trial court, troubled by the fact that the defendant had made an oral motion to withdraw his guilty plea, which the trial court denied without conducting an inquiry into the reasons for the request. The record showed that the trial court had immediately denied the defendant's motion to withdraw his plea, stating that the court had already reviewed with the defendant in great detail all of his statutory and constitutional rights and the purported facts of the case. The record also showed a statement by defense counsel that the decision to withdraw the guilty plea was made by the defendant and was not in accordance with counsel's advice. Id.
The defendant in State v. Griffin, supra , pled guilty to second degree murder pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In State v. Griffin, supra at 1146, this Court stated:
Ordinarily it is the defendant's burden to present reasons for allowing withdrawal of the guilty plea. In this instance, however, considering the defendant's youthful age, his limited formal education, the fact that his attorneys were not supportive of his withdrawal of the plea, and the fact that the defendant did not admit guilt when entering the Alford plea, the trial court should have made some inquiry into the reasons for defendant's request, rather than denying the request without affording opportunity for further explanation by the defendant. Without a record reflecting such an inquiry and facts relating to the defendant's motion, this appellate court is unable to evaluate the exercise of discretion by the trial court. We therefore set aside the sentence and remand the case to the district court to hold a hearing on the defendant's motion to withdraw his guilty plea, with full opportunity to be *1198 afforded the defendant to present reasons and evidence of any pertinent facts in support of withdrawal of the plea. After such hearing the trial court shall exercise its discretion to either deny or allow withdrawal of the plea.
The Griffin case can be contrasted with State v. Davis , 31,848 (La. App. 2 Cir. 03/31/99), 731 So.2d 958, wherein the defendant also made an oral motion to withdraw his guilty plea. The oral motion was neither made, nor discussed on the record, but at a bench conference. During the sentencing hearing, the trial judge stated on the record that he had denied the motion to withdraw the guilty plea for the reasons stated at the sentencing hearing. Defense counsel noted for the record an objection to the trial court's denial of the motion. However, the record did not reflect that the defendant requested an evidentiary hearing on his motion to withdraw the guilty plea, that such a request was denied by the trial court, or that defendant objected to the denial of an evidentiary hearing. This Court stressed that defendant was given ample opportunity at a bench conference to present his reasons in support of his request to withdraw his guilty plea. Id.
Cases before this Court have included situations in which a defendant made an oral motion to withdraw a guilty plea, and the trial court was either made aware of the defendant's reasons for wanting to withdraw his guilty plea, or the court held a hearing on the motion before ruling.[4] There are also other cases in which a defendant made an oral motion to withdraw a guilty plea, but the opinions do not reveal whether the trial judges were made aware of the defendants' grounds for seeking withdrawal of the plea, or whether there were hearings held on the motions.[5] We note, however, that none of the cases this Court has considered arose after La. C. Cr. P. art. 559(A) was amended to include the "after a contradictory hearing" language that now mandates such a hearing once a defendant has made a motion to withdraw his guilty plea.
Defendant in this case pled guilty to aggravated burglary and simple burglary of an inhabited dwelling pursuant to the advice of Atty. Hoggatt. The record clearly reflects that Defendant was properly informed of his rights at the time his guilty pleas were accepted. However, there is nothing in the record to indicate why Defendant desired to withdraw his guilty pleas. Because Defendant orally moved to withdraw his guilty pleas, the trial court should have let Defendant state his reasons for making the request on the record, then made a decision with reasons in support thereof. The record reveals that Defendant was 19 at the time he entered his guilty pleas. Furthermore, the attorney representing defendant at the time he made his request to withdraw his guilty pleas, Atty. Ellis, was only standing in for the attorney who represented Defendant when he entered into the pleas. Atty. Ellis was not familiar with the details of Defendant's case, evidenced by the fact that Atty. Ellis had not read the plea agreement prior to the sentencing hearing. Defendant states in his brief that one of the reasons he wanted to withdraw his pleas was that he was misled by counsel.
*1199 Without a record of the required hearing reflecting an inquiry by the trial court into the reasons for Defendant's request to withdraw his guilty pleas, this Court is unable to evaluate the exercise of discretion by the trial court. We therefore are constrained to set aside Defendant's sentences and remand the case to the trial court to hold a hearing on Defendant's motion to withdraw his guilty pleas, with full opportunity to be afforded to Defendant to present reasons and evidence of any pertinent facts in support of the withdrawal of the pleas.
The trial court can then exercise its vast discretion to either deny or allow withdrawal of the pleas.
CONCLUSION
For the reasons set forth above, Defendant's sentences are vacated and the case is remanded to the trial court for a hearing on Defendant's motion to withdraw his guilty pleas and for further proceedings thereafter in accordance with law.

Defendant's appeals were consolidated for briefing, docketing and disposition.

Unless otherwise specified, in quoted portions, this opinion references the record in No. 52,641 -KA.

See No. 52,392 -KH.

See, State v. Johnson, supra ; see also, State v. Harris , 43,059 (La. App. 2 Cir. 04/30/08), 982 So.2d 245 ; State v. Moore , 32,707 (La. App. 2 Cir. 10/27/99), 743 So.2d 877, writ denied , 01-650 (La. 11/02/01), 800 So. 2d 872 ; State v. Cook , 32,110 (La. App. 2 Cir. 06/16/99), 742 So.2d 912 ; State v. Davis, supra ; State v. Bates , 29,252 (La. App. 2 Cir. 01/22/97), 711 So.2d 281.

See , State v. Essex , 618 So.2d 574 (La. App. 2 Cir. 1993) ; State v. White , 552 So.2d 553 (La. App. 2 Cir. 1989).