535 So.2d 1143 (1988)
STATE of Louisiana, Appellee,
v.
Troy Anthony GRIFFIN, Appellant.
No. 20054-KA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
*1144 Steven R. Thomas, Public Defender, for appellant.
William J. Guste, Jr., Atty. Gen., Don M. Burkett, Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., for appellee.
Before HALL, C.J., and SEXTON and NORRIS, JJ.
HALL, Chief Judge.
The defendant, Troy Anthony Griffin, age 18, was charged by indictment with first degree murder in violation of LSA-R. S. 14:30 for the death of two year old LaDarrett Gossett. On February 12, 1988 defendant pled guilty to second degree murder and sentencing was set for February 22, 1988. At sentencing the defendant informed the court he wished to change his plea and plead not guilty. The court denied his motion to withdraw the guilty plea and sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals arguing the trial court erred in denying his motion to withdraw the guilty plea.
The victim, LaDarrett Gossett, a two year old boy, died on August 1, 1987 of traumatic injuries inflicted upon the child's rib or chest area. There are references to the coroner's report in the record although the report itself is not included.
According to the assistant district attorney's statement of the facts at the guilty plea hearing, it appears the defendant went to the residence of Sonya Willis, the mother of the victim, and forcefully took the child from his mother. The defendant and the mother fought over the child in a tug-of-war fashion and during the struggle the child hit his head on the window sill.
In a statement given to the police the defendant admitted taking the child from the home and striking the child in the rib area causing the child to fall down. Defendant claims to have only hit the child once before bringing him back to the mother's house. He admitted he subsequently hit the child on the "booty" or backside with the side of his hand and that the child was moaning after being put to bed. The child apparently died during the night or early morning hours. According to the district attorney's statement, the autopsy report confirmed that the injuries to the rib area were sufficient to cause the child's death. His ribs were fractured and the internal organs were "jostled around pretty severely".
*1145 The grand jury returned an indictment charging the defendant with first degree murder. On February 12, 1988 the defendant entered a plea of guilty to second degree murder pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Defense counsel advised the court that the defendant maintained he did not know of anything that caused the death of the child. The guilty plea transcript reveals that the defendant was advised by his two appointed attorneys to plead guilty and that the defendant was thoroughly and properly Boykinized. The trial court found the defendant's plea to be a voluntary, intelligent, and knowing plea and that there was a factual basis for the plea.
At the sentencing hearing on February 22, 1988 the defendant personally informed the trial court that he wished to withdraw his guilty plea. Without conducting any inquiry into the reasons for the request, the trial court immediately denied the defendant's motion to withdraw his plea, stating that the court had already reviewed with the defendant in great detail all of his statutory and constitutional rights and the purported facts of the case. The defense attorneys stated for the record that the decision to withdraw the guilty plea was made by the defendant and was not in accordance with their advice.
LSA-C.Cr.P. Art. 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentencing. Discretion to permit the withdrawal of a guilty plea is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily and an abuse of discretion can be corrected upon appeal. State v. Compton, 367 So.2d 844 (La.1979); State v. Andrasi, 343 So.2d 175 (La.1977); State v. Helsley, 457 So.2d 707 (La.App. 2d Cir. 1984).
As a general rule a denial of withdrawal of a guilty plea will not be reversed on appeal when the record clearly shows that the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. An otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged. State v. Compton, supra. An express admission of guilt is not a constitutional requisite to the imposition of a criminal penalty. North Carolina v. Alford, supra; State v. McCarty, 499 So.2d 292 (La.App. 1st Cir.1986), writ denied 505 So.2d 56 (La.1987).
When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the Boykinization and consider all relevant factors. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984); State v. Green, 468 So.2d 1344 (La.App. 1st Cir. 1985). A court, when called upon to ascertain an accused's state of mind, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. State v. Galliano, 396 So.2d 1288 (La. 1981); State v. Lewis, 421 So.2d 224 (La. 1982).
In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant's motion to withdraw a guilty plea. State v. Lewis, supra. Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea.
The defendant in this case pled guilty to second degree murder pursuant to the advice of two appointed attorneys who are presumed to be competent. The state had advised it would seek the death penalty if the defendant was tried for first degree murder. The record clearly reflects the *1146 defendant was properly informed of his rights at the time the guilty plea was accepted. However, there is nothing in the record to indicate why the defendant desires to withdraw his guilty plea.
Ordinarily it is the defendant's burden to present reasons for allowing withdrawal of the guilty plea. In this instance, however, considering the defendant's youthful age, his limited formal education, the fact that his attorneys were not supportive of his withdrawal of the plea, and the fact that the defendant did not admit guilt when entering the Alford plea, the trial court should have made some inquiry into the reasons for defendant's request, rather than denying the request without affording opportunity for further explanation by the defendant.
Without a record reflecting such an inquiry and facts relating to the defendant's motion, this appellate court is unable to evaluate the exercise of discretion by the trial court. We therefore set aside the sentence and remand the case to the district court to hold a hearing on the defendant's motion to withdraw his guilty plea, with full opportunity to be afforded the defendant to present reasons and evidence of any pertinent facts in support of withdrawal of the plea. After such hearing the trial court shall exercise its discretion to either deny or allow withdrawal of the plea.
Accordingly, the sentence is set aside and the case is remanded to the district court for a hearing on the defendant's motion to withdraw his guilty plea, and for further proceedings thereafter in accordance with law.
SENTENCE SET ASIDE AND CASE REMANDED.