628 So.2d 57 (1993)
STATE of Louisiana
v.
Lawrence C. HUNTER.
No. 92 KA 2058.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*59 Doug Moreau, Dist. Atty., Baton Rouge, for the State.
Kathryn Flynn, Public Defender's Office, Baton Rouge, for defendant-appellant.
Before EDWARDS, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
The defendant, Lawrence C. Hunter, was charged by bill of information with three counts of attempted second degree murder, in violation of La.R.S. 14:27 and 30.1. Initially, he pled not guilty. Thereafter, pursuant to a plea agreement, the defendant pled guilty as charged to count two; and on each of counts one and three he pled guilty to the responsive offense of aggravated battery, violations of La.R.S. 14:34. At the same time, the defendant pled guilty to a charge of aggravated burglary under bill of information number 5-87-175.
Defendant received two consecutive sentences of ten years at hard labor for the aggravated battery convictions, and a consecutive sentence of fifty years at hard labor for the attempted second degree murder conviction, with credit for time served. Under bill of information number 5-87-175, defendant received a consecutive sentence of thirty years at hard labor for the aggravated burglary conviction, with credit for time served. That conviction was separately appealed. See, State v. Hunter, 628 So.2d 266, docket number 92 KA 2059, also decided this date. On appeal, defendant alleges three assignments of error, as follows:
1. The trial court erred in accepting defendant's guilty pleas.
2. The trial court erred in denying defendant's request to withdraw his guilty pleas.
3. The trial court erred in imposing excessive sentences and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
Because there was no trial, the record contains little factual information regarding the instant offenses other than the factual basis recited by the prosecutor during the Boykin colloquy and the trial court's comments on the facts during sentencing. On October 31, 1986, while driving a vehicle in Zachary, Louisiana, defendant ran a vehicle driven by his former girlfriend, Beatrice Jones, off the road. After her car was forced into a ditch, Ms. Jones and the five other occupants of the vehicle fled to a nearby house, followed by defendant, who was armed with a gun. Ms. Jones, who was pregnant and was carrying a two-year-old child in her arms, was shot in the right hip by defendant as she fled toward the house. Defendant then entered the house and shot one of its residents, Cheryl Wallace, in the right forearm. He then spotted one of the passengers of Ms. Jones' vehicle, Pamela Johnson, exiting the rear of the house. Defendant shot Ms. Johnson twice, striking her in the chest. Shortly thereafter, defendant *60 fled the scene. Although numerous women, children, and elderly persons were present in the immediate area where these shootings occurred, miraculously no one was killed by defendant's shooting spree.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In assignment of error number one, defendant contends that the trial court erred in accepting his guilty pleas. Specifically, he contends that the Boykin colloquy was inadequate because the trial court failed to advise him of the elements of the offenses to which he pled guilty. In assignment of error number two, defendant contends the trial court erred in denying his oral request to withdraw his guilty pleas. Specifically, defendant contends that the trial court should have conducted a hearing, or at least inquired into his reason for making this request, before denying it.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559 A. A trial court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Hebert, 506 So.2d 863, 865 (La.App. 1st Cir.1987).
A guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (1988). Our review of the instant record indicates that there is no legal basis for the withdrawal of defendant's guilty pleas. The record indicates that the trial court conducted an adequate Boykin hearing. At the beginning of the hearing, the trial court asked defendant if he wished to change his pleas from not guilty to guilty. Defendant responded in the affirmative. The court informed defendant of his right to a trial by a judge or by a jury of twelve, his right to confront and cross-examine his accusers, and his right against self-incrimination. The trial court inquired into defendant's educational background, and defendant responded that he had a twelfth grade education and could read and write. The court asked defendant if he had been threatened or forced to plead guilty, or if anything had been promised to him; and defendant responded in the negative. Finally, the court asked defendant who made the final decision to plead guilty, and defendant responded that he had made it.
Defendant is correct in his assertions that the trial court did not read the definition of aggravated battery and gave only a simplistic explanation of attempted second degree murder. However, the validity of a guilty plea does not depend upon whether or not the court specifically informed a defendant of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). As reflected in the following excerpt from the Boykin colloquy, the offenses to which defendant was pleading guilty, the factual basis therefor, and the maximum penalty exposure were sufficiently explained to defendant:
THE COURT: I KNOW ABSOLUTELY NOTHING ABOUT THE THREE COUNTS OF ATTEMPTED SECOND DEGREE MURDER. YOU WANT TO TELL ME ABOUT THAT?
PROSECUTOR: ON OCTOBER 31, 1986, MR. HUNTER WAS DRIVING A VEHICLE IN EAST BATON ROUGE PARISH. HE TRIED TO RUN A PERSON OFF THE ROAD NAMED BEATRICE JONES. SHE'S ALSO KNOWN AS GATOR. THIS OCCURRED ON PLANCHARD ROAD ON (SIC) ZACHARY. THERE WERE SIX PEOPLE IN THAT CAR. AFTER THE CAR WAS DRIVEN OFF THE ROAD BY MS. JONES, WHO WAS A FORMER GIRLFRIEND OF THE DEFENDANT, SHE, ALONG WITH THE OTHER PEOPLE IN THE CAR, RAN TO A NEARBY HOME BECAUSE THEY SAW MR. HUNTER WITH A FIREARM. HE RAN AFTER THEM. HE SHOT BEATRICE JONES WHILE SHE WAS HOLDING A TWO YEAR OLD CHILD IN THE FRONT YARD OF THE HOME. MS. JONES WAS HIT *61 IN THE RIGHT HIP. HE ENTERED THE HOME WHERE HE SHOT CHERYL WALLACE. SHE WAS HIT IN THE RIGHT FOREARM. HE RAN THROUGH THE HOUSE, WENT TO THE BACK DOOR AND THEN SHOT PAMELA JOHNSON. SHE WAS SHOT TWICE, BOTH TIMES IN HER CHEST, THE SECOND TIME AFTER SHE WAS BEGGING HIM NOT TO SHOOT HER. HER LUNGS, KIDNEY AND LIVER WERE ALL DAMAGED BY THE SHOOTING.
THE COURT: CORRECT ME. WE'RE PLEADING TO ONE COUNT OF ATTEMPTED MURDER AND TWO COUNTS OF AGGRAVATED BATTERY; IS THAT CORRECT?
DEFENSE COUNSEL: THAT'S CORRECT.
PROSECUTOR: HE'S GOING TO PLEAD GUILTY IN COUNT 1 TO THE RESPONSIVE PLEA OF AGGRAVATED BATTERY AND COUNT 2 HE WILL PLEAD AS CHARGED AND
THE COURT: WHO IS THAT? WHO IS THE VICTIM IN THAT?
PROSECUTOR: BEATRICE JONES. THAT'S THE ATTEMPTED MURDER. COUNT 1 IS CHERYL WALLACE. THAT'S ONE COUNT OF AGGRAVATED BATTERY. AND COUNT 3 IS PAMELA JOHNSON. THAT'S ONE COUNT OF AGGRAVATED BATTERY.
BY THE COURT:
Q I'M SURE YOUR ACCOUNT, MR. HUNTER, IS NOT IDENTICAL TO THAT. BUT, IS THAT ESSENTIALLY WHAT HAPPENED?
A YES, SIR.
Q YOU UNDERSTAND WHAT MURDER IS BASICALLY?
A DO I UNDERSTAND WHAT MURDER IS?
Q YES. HOMICIDE IS THE KILLING OF A HUMAN BEING AND THERE'S DIFFERENT DEGREES OF HOMICIDE. ONE IS SECOND DEGREE MURDER WHICH YOU ARE CHARGED WITH ATTEMPTING TO COMMIT. YOU DIDN'T KILL ANYBODY BUT YOU ATTEMPTED TO COMMIT. IT'S BASICALLY WHERE YOU HAD THE INTENT TO KILL SOMEBODY AND IT'S A PRETTY GOOD INFERENCE WHEN YOU SHOOT SOMEBODY THAT YOU INTEND TO KILL THEM?
A YES, SIR.
Q DO YOU UNDERSTAND WHAT YOU'RE CHARGED WITH?
A YES, SIR.
Q LET ME EXPLAIN YOUR EXPOSURE.... ON EACH COUNT OF AGGRAVATED BATTERY YOU'RE LOOKING AT UP TO 10 YEARS WITH OR WITHOUT, WHICH MEANS IT COULD BE PARISH TIME OR DOC TIME. AND ON THE ATTEMPTED SECOND DEGREE MURDER YOU'RE LOOKING AT UP TO 50 YEARS. DO YOU UNDERSTAND THAT?
A. YES, SIR.
Considering all of the above, we are convinced that defendant was advised of the nature of the charges against him and knowingly and voluntarily entered these pleas with a full understanding of the consequences.
Concerning defendant's allegation that the trial court erred in failing to conduct a hearing on his oral request to withdraw his guilty pleas, we find no error in the trial court's ruling. A defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial judge to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Banks, 457 So.2d 1264, 1266 (La.App. 1st Cir.1984). At the beginning of the sentencing hearing, defense counsel stated that he had explained to defendant the possible sentences he was facing and defendant had decided to withdraw his pleas and proceed to trial. The *62 trial court stated that it recalled from the Boykin examination that it had found defendant's guilty pleas to be knowing and voluntary. The court then denied defendant's oral request to withdraw his pleas. Under the circumstances presented herein, we find that the trial court correctly denied defendant's oral motion to withdraw his guilty pleas without a hearing.
In his brief to this Court, defendant contends that the trial court should have conducted a hearing on the motion before denying it. In support of this argument, defendant cites State v. Griffin, 535 So.2d 1143 (La.App. 2d Cir.1988). In Griffin, an eighteen year old defendant with a limited formal education was charged with first degree murder. Pursuant to the advice of his two attorneys, he entered an Alford plea to second degree murder to avoid the possibility of a death sentence. Thereafter, he requested that his plea be withdrawn; but the trial court denied the motion without a hearing. The Second Circuit concluded that, under these circumstances, the trial court should have conducted a hearing on the motion and remanded the case to the trial court for such a hearing.
Considering all of the facts and circumstances of the instant case, we find it to be distinguishable from the situation in Griffin. While attempted second degree murder and aggravated battery are serious offenses, the instant defendant was never exposed to a possible death sentence as in Griffin, nor did he enter an Alford plea. While defendant's attorney apparently advised him to plead guilty (as did the attorneys in Griffin), this advice was entirely reasonable in light of the evidence of defendant's guilt and the favorable plea agreement. Furthermore, as noted above, defendant gave no explanation for requesting that his guilty pleas be withdrawn, apart from defense counsel's statement that defendant was aware of his sentencing exposure and now wished to go to trial. Defendant did not request a hearing on the motion, and the defense never referred to any evidence it wished to introduce in support of the motion. See, State v. Carmouche, 589 So.2d 53, 55-56 (La.App. 1st Cir.1991); State v. Banks, 457 So.2d at 1266. Accordingly, we conclude that there was no need for an evidentiary hearing in this case.
For the above reasons, these assignments of error are without merit.

ASSIGNMENT OF ERROR NO. THREE
In this assignment of error, defendant contends that the trial court erred in imposing excessive sentences and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La. C.Cr.P. art. 894.1 (prior to its amendment by Act 22, § 1, of 1991).[1] The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Before imposing sentence, the trial court reviewed the presentence investigation report, which recommended the imposition of maximum sentences of incarceration. The only mitigating circumstances noted by the trial court were the defendant's age (26) and the fact that defendant was classified as a *63 first felony offender. The court noted that defendant had a significant prior criminal history involving felony arrests and crimes against the person. The court also noted that defendant was on probation when he committed the instant offenses and concluded that defendant had a "violent uncontrolled nature" and was "a real threat to society and to several people in particular". Finally, the trial court concluded that sentences such as those being imposed herein were appropriate only "in the most serious and heinous of cases". Our review of the sentencing transcript indicates that the trial court adequately complied with the Article 894.1 guidelines.
For his conviction of attempted second degree murder, defendant was exposed to a maximum sentence of fifty years at hard labor. See, La.R.S. 14:27D(1) and 30.1 B. For each of his two convictions of aggravated battery, defendant was exposed to a maximum sentence of ten years at hard labor and a maximum fine of $5,000. See, La.R.S. 14:34. The defendant received a sentence of fifty years at hard labor for the attempted second degree murder conviction, and two sentences of ten years at hard labor for the aggravated battery convictions, but no fines were imposed. These sentences were made consecutive to one another, as well as to the thirty year sentence imposed on defendant's conviction for aggravated burglary under bill of information number 5-87-175.
This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). Although concurrent sentences are generally the rule for offenses committed during the same transaction, consecutive sentences for convictions arising out of a single course of criminal conduct are not automatically considered excessive, since other factors should be considered in making this determination. Consecutive sentences are justified when the offender poses an unusual risk to public safety. State v. Martin, 558 So.2d 654, 665 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (1990).
In the instant case, because defendant's conduct actually constituted attempted first degree murder, since he shot three different persons, the instant offenses are the worst type of offenses in the categories of attempted second degree murder and aggravated battery. Further, defendant's violent nature, as demonstrated by his conduct in the instant offenses and his prior criminal record, indicates that he is the worst type of offender. Accordingly, the record supports the maximum sentences imposed on defendant.
Nor do we find the sentences excessive due to their being consecutive. In imposing sentence, the trial court specifically found that defendant presented "a real threat to society". The record amply supports this conclusion that defendant poses an unusual risk to public safety in light of the brutality and callous disregard for life he demonstrated in chasing down and shooting three unarmed women, one of whom was holding a child in her arms and one of whom was a stranger to him, as well as his past record of crimes against the person.
Considering the reasons for sentencing given by the trial court, and the circumstances of the instant offenses, particularly that defendant engaged in conduct which endangered the lives of numerous people, we find that the instant sentences are supported by the record. Therefore, for the reasons herein stated, we find this assignment of error meritless.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Defendant was sentenced on December 13, 1988, prior to the effective date of the new sentencing guidelines.