Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,965-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                              Appellee

versus

TYRONE D. JOHNSON                               Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 2015-196

Honorable John C. Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

JOHN M. LANCASTER                        Counsel for Appellee
District Attorney

KENNETH D. WHEELER
AMANDA M. WILKINS
Assistant District Attorneys

* * * * *

Before WILLIAMS, STONE, and THOMPSON, JJ.

THOMPSON, J., dissents.

**WILLIAMS, C.J.**

The defendant, Tyrone Johnson, was charged by bill of information with one count of Distribution of a Schedule II CDS (methamphetamine), a violation of La. R.S. 40:967(A)(1). Pursuant to a plea agreement, the defendant pled guilty as charged with a sentencing cap and the state agreed not to file an habitual offender bill of information. The district court subsequently denied defendant's motion to withdraw his guilty plea and sentenced him to serve 23 years at hard labor in conformity with the agreed-upon sentence. Defendant appeals his conviction and sentence. For the following reasons, we grant the defense motion to withdraw the guilty plea, vacate defendant's conviction and sentence, and remand for further proceedings.

### FACTS

The record shows that in August 2015, defendant was charged with one count of distribution of methamphetamine based on video evidence allegedly showing defendant making an illegal drug sale to an undercover agent. The bill of information reflects that the offense occurred on June 1, 2015. After arraignment in September 2015, defendant was represented by his retained counsel, Albert Ellis, prior to the trial date. Several pretrial motions were filed, including a motion for a preliminary examination.[1] During the week before trial, defendant's attorney filed a motion to withdraw as counsel of record. Then, two days before the hearing on the motion to withdraw as counsel and less than one week before trial, the state

_____

[1] The record reflects that no pretrial hearings were conducted on defendant's behalf. Further, less than two weeks before trial, Attorney Ellis waived the preliminary exam.

filed notice of its intent to use other crimes evidence at trial. Notably, the substantive text of the notice of intent states as follows:

> The defendant is presently charged with distribution of methamphetamine. The state shows that [it] is going to use a cooperating civilian witness [CW] in the trial of the defendant. The CW made a purchase of methamphetamine from the defendant on June 1, 2015. The CW **will testify that he has been making purchases from the defendant, Tyrone Johnson, for 5-10 years before** June 1, 2015.
> The state intends to offer evidence of the relationship between the CW and defendant pursuant to Louisiana Code of Evidence 404(B) to show the defendant's identity, mode of operation, as well as his intent, purpose, knowledge of the substance methamphetamine. The state also intends to offer evidence of the relationship between the CW and the defendant to defend against any argument that this was an accident or mistake. (Emphasis added)

On April 29, 2016, at the hearing on the motion to withdraw as counsel, Attorney Ellis advised the court that he had been negotiating a plea deal with the district attorney, but that defense counsel's communications with defendant had broken down and defendant no longer wanted to be represented by Attorney Ellis. The state responded that allowing defendant's attorney to withdraw at a time so close to trial would require that a continuance of the trial be granted. Attorney Ellis then outlined the extensive plea negotiations he had conducted with the state on behalf of defendant, including a written plea offer that had been delivered to defendant. Defense counsel also informed the court that he had not been paid by defendant as agreed. The defense attorney requested that defendant be given additional time to obtain other counsel if he was discharged. The defense attorney pleaded with the court, noting that defendant was ill-equipped to represent himself. The district court refused to allow defendant's attorney to withdraw and advised defendant that if he fired Attorney Ellis then his case was still going to trial the following Monday,

2

whether or not he was represented by another attorney. After an extensive discussion between defendant and the trial court, defendant responded that he was "going to keep" Attorney Ellis. The vital colloquy between defendant and the trial court reads as follows:

> MR. JOHNSON: I really need to get better – a better counsel but you keep saying if I – if I fire him you're going to take me to trial, but he . . .

> COURT: You're going to be representing yourself unless you can get somebody over the weekend.

> MR. JOHNSON: No, but . . . he's not wanting to go to trial with the evidence they've got and the evidence I feel like they've got ain't nothing.

> COURT: Well, okay. All right. You didn't answer my question. Would you tell them out there I'll be with them in just a minute? Just tell them . . . that we're in the middle of something and I'm going to let them in in just a second. I just want to make sure you understand . . . I'm not going to let Mr. Ellis withdraw. I'm not going to allow him to withdraw from the case, in other words I'm going to make him stay on the case, but you have the absolute right because you're the one who hired him, you can fire him if you want. If you say today "I want to fire him" I want you to understand – in other words if you don't fire him I'm going to make Mr. Ellis go through with the trial. But if you want to fire him . . . you can hire your own attorney but you're probably not going to get an attorney to represent you in a case – jury trial set for Monday, over the weekend. So you probably are going to be representing yourself, which you have the right to do, too. So I want to make sure you understand we're down to it and I need to go ahead and rule something, I've got something else at 9:00.

> MR. WHEELER: I know he's not a public defender, he's a retained counsel, is there a different standard when somebody wants to – I know usually when they want to fire their public defender you have to question them about their ability to understand the law and the procedure of trial. Is that a different standard than with . . .?

> COURT: I'm going to ask him that. No, it's not a different standard I don't think[. A]re you on any drug, alcohol or medicine?

> MR. JOHNSON: No, sir.

COURT:  Do you understand what's going on today?

MR. JOHNSON:  Yes, sir.

COURT: You understand you have a trial set for Monday?

MR. JOHNSON: Yes, sir.

COURT: And you understand you're the first setting on the trial docket now?   MR. JOHNSON: Yes, sir.

COURT: All right.  Do you want Mr. Ellis to represent you or do you want to fire him today and try to get your own or represent yourself?

MR. JOHNSON: Yes, but either way I go you're saying I'm going to trial Monday.   COURT: That's right.

MR. JOHNSON: But I would like a better counsel though.

COURT: That's not the answer I'm looking – that's fine if you want to get one, I'm saying this thing's been set for a while, you've got until Monday, you know, if you want to fire him right now I'm going to allow you to fire him because you have the right.  I'm not going to allow him to withdraw this late.  If you want to fire him that's your right, you fire him but I want to make sure you're doing so with an understanding that if you're unable to get another attorney you're going to still go to trial Monday whether you've got one or not.  Do you understand that?  You have to say yes or no.
MR. JOHNSON:  Yes, sir.

COURT:  So what do you want to do?

MR. JOHNSON:  I'm going to keep him.

COURT:  Okay.  All right. He said he's going to keep him so I'm not going to allow him to withdraw and so we are set for trial Monday.  Are there any other plea negotiations on the table?  Do you want to talk one more – one last shot before we – you get out of here?

MR. ELLIS:  If Mr. Wheeler will accommodate me, we will.

COURT:  So just to put on the record Mr. Johnson said he's going to keep him so . . . I'm not allowing Mr. Ellis to withdraw so we're on trial for Monday as the first trial setting . . . .  So if you are able to work it out I'll be here and I'll take a plea today[.]

4

MR. WHEELER: We'd like the record to reflect the defendant is present, he's being notified Monday morning, May 2nd, 9:30 a.m., his trial.

COURT: All right. You can step down. Let the record so reflect.

The following Monday, May 2, 2016, the date of trial, defendant entered a plea of guilty as charged in exchange for a 23-year sentencing cap and the state's agreement not to file a multiple offender bill. The district court advised defendant of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant stated that he understood and wanted to waive his rights and plead guilty. The district court accepted the guilty plea, finding that the plea was entered freely and voluntarily. The court ordered a presentence investigation.

On May 19, 2016, defendant's newly retained counsel, Willard Brown, filed a motion to withdraw defendant's guilty plea on the grounds that his plea was "not a free and voluntary act, but a necessary act to seek another attorney." The state opposed the motion to withdraw the plea, noting the available video evidence showing defendant distributing methamphetamine and the significant reduction in sentencing exposure obtained as a result of the plea agreement negotiated by the prior defense counsel.

In June 2016, prior to imposing sentence, the trial court heard argument on the motion to withdraw the guilty plea. Defendant's attorney argued that defendant had accepted the guilty plea because the prior defense counsel had not objected to the admissibility of other crimes evidence. The state advised the court that the state and defendant's prior attorney had planned to have a hearing regarding other crimes evidence prior to the start

5

of trial if there had been no plea agreement. The trial court denied the motion to withdraw the guilty plea and imposed a sentence of 23 years' imprisonment in accordance with the plea agreement.

In May 2017, defendant filed a motion for an out-of-time appeal in an application for post-conviction relief. The trial court denied the motion and this Court denied defendant's writ application. *State v. Johnson*, 51,939 (La. App. 2 Cir. 10/19/17). The Louisiana Supreme Court granted defendant's writ and remanded the matter to the district court for perfection of an out-of-time appeal and the appointment of counsel. *State ex rel. Johnson v. State*, 2017-2105 (La. 1/14/19), 260 So.3d 1208. The trial court appointed counsel and this appeal followed.

## DISCUSSION

In two assignments of error, defendant contends the trial court erred in denying his right to counsel of his choice and in denying his motion to withdraw the guilty plea. Defendant argues that he should have been allowed the opportunity to replace his former attorney prior to trial because the two could not effectively communicate, less than one year had elapsed since the bill of information was filed and there would have been no prejudice to the state's case had the trial court continued the matter.

The Sixth Amendment to the U.S. Constitution, as well as La. Const. art. I, § 13, guarantee the accused in a criminal proceeding the right to assistance of counsel for his defense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Carpenter*, 390 So. 2d 1296 (La. 1980); *State v. Shumaker*, 40,275 (La. App. 2 Cir. 10/28/05), 914 So. 2d 1156. Although the essential aim of the Sixth Amendment is to ensure an effective advocate for each criminal defendant, the Amendment also

6

encompasses the right to select and be represented by one's preferred attorney. *Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *State v. Reeves*, 2006-2419 (La. 5/5/09), 11 So.3d 1031. As a general proposition, a person accused in a criminal trial has the right to counsel of his choice. *State v. Leggett*, 363 So.2d 434 (La. 1978). The right to counsel of choice is not absolute and cannot be manipulated so as to obstruct orderly procedure in courts and cannot be used to thwart the administration of justice. *State v. Cooley*, 51,895 (La. App. 2 Cir. 5/23/18), 247 So.3d 1159, *writ denied*, 2018-1160 (La. 3/6/19), 266 So.3d 899.

The U.S. Supreme Court has found structural error requiring reversal and a violation of the Sixth Amendment where a criminal defendant has been denied his right to retained counsel of choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *State v. Reeves, supra*. Where the right to be assisted by counsel of one's choice is wrongly denied, a harmless error analysis, which considers counsel's effectiveness or prejudice to the defendant, is unnecessary. Deprivation of the right is complete when the accused is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of representation he received. *Gonzalez-Lopez, supra*; *Reeves, supra*. In order for a trial court's ruling on a defendant's right to counsel to be upset, there must be a showing of clear abuse of discretion. *State in the Interest of N.B.*, 52,002 (La. App. 2 Cir. 3/16/18), 248 So. 3d 532, *writ denied*, 2018-0617 (La. 5/25/18), 243 So. 3d 568; *State v. Ventris*, 2010-889 (La. App. 5 Cir. 11/15/11), 79 So. 3d 1108.

As amended in 2014, La. C.Cr.P. art. 559(A) provides that, upon motion of the defendant and after a contradictory hearing, which may be

waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence. The discretion to allow the withdrawal of a guilty plea under La. C.Cr.P. art. 559(A) lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. *State v. McGarr*, 52,641 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1189. A defendant has no absolute right to withdraw a guilty plea. *State v. Martin*, 48,045 (La. App. 2 Cir. 5/15/13), 115 So.3d 750.

Under La. C.Cr.P. art. 556.1, a valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats. Article 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. *Boykin v. Alabama*, *supra*; *State v. McGarr*, *supra*; *State v. Cooper*, 52,408 (La. App. 2 Cir. 11/8/18), 261 So.3d 975.

An express and knowing waiver of the above rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin, supra*; *State v. Johnson*, 51,430 (La. App. 2 Cir. 7/5/17), 224 So. 3d 505; *State v. Kennedy*, 42,850 (La. App. 2 Cir. 1/9/08), 974 So. 2d 203. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. *State v. Crosby*, 338 So. 2d 584 (La. 1976);

8

*State v. Johnson, supra*; *State v. Stephan*, 38,612 (La. App. 2 Cir. 8/18/04), 880 So.2d 201.

When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the Boykinization and consider all relevant factors. *State v. Griffin*, 535 So. 2d 1143 (La. App. 2 Cir. 1988). In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant's motion to withdraw a guilty plea. *State v. McGarr*, *supra*; *State v. Griffin, supra*. Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea. *McGarr, supra*.

In the present case, defendant asserts in his brief that the trial court should have emphasized his right to be represented by his chosen counsel over the desire to proceed to trial. At the hearing on defense counsel's motion to withdraw, defendant stated to the trial court that he wanted to hire a different attorney who would listen to his concerns. Attorney Ellis advised the trial court that he sought to withdraw because defendant had not completely paid the agreed-upon fee, communication with defendant had broken down and he could no longer effectively represent defendant. The trial court then informed defendant that he could discharge his retained attorney, but defendant would not be given any additional time to find alternative counsel before trial. The trial court expressed concern that

9

allowing defendant to replace his retained counsel with another attorney of his choice would require a continuance of the trial date. However, despite the trial court's worry about delay, the record shows that the trial date of May 2, 2016, was less than one year after defendant's arraignment in September 2015. Moreover, the trial court's expressed interest in the plea bargaining process and failure to fully ascertain whether this defendant could represent himself are extremely troubling.

Additionally, the trial court did not inquire as to how much time defendant would need to hire new counsel and there was no showing that the state would have been prejudiced by a continuance to provide defendant with a reasonable opportunity to retain another attorney. Although an important consideration, the efficient administration of the court's docket should not supersede the protection of defendant's exercise of his constitutional rights. Based on the particular circumstances of this case, we must find that the trial court abused its discretion in failing to provide defendant with a meaningful opportunity to retain another attorney of his choice. Thus, the trial court violated defendant's Sixth Amendment right to counsel of choice and this violation is not subject to harmless error analysis.

Given the inherently coercive situation created by the trial court's deprivation of defendant's right to counsel of choice, we cannot say that defendant's guilty plea was voluntarily entered. Consequently, we must conclude that the trial court abused its discretion in refusing to permit defendant to withdraw his guilty plea prior to sentencing. Accordingly, we shall grant the defense motion to withdraw the guilty plea and vacate the defendant's conviction and sentence. In reaching this conclusion, we pretermit discussion of the final assignment of error.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to withdraw the guilty plea is hereby granted. Defendant's conviction and sentence are hereby vacated and this matter is remanded to the district court for further proceedings.

**MOTION TO WITHDRAW GUILTY PLEA GRANTED; CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.**