Judgment rendered July 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,529-KA
No. 53,530-KA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

D'ANDRAE L. McGARR                          Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court Nos. F-2017-20 and F-2017-50

Honorable Stephen G. Dean, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Douglas L. Harville

PENNY WISE DOUCIERE                      Counsel for Appellee
Interim District Attorney

AMANDA WILKINS
K. DOUGLAS WHEELER
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, THOMPSON, JJ.

**THOMPSON, J.**

In December of 2016, D'Andrae McGarr ("McGarr") is alleged to have participated in the burglaries of two separate residences in Richland Parish. After negotiating a favorable plea offer, McGarr pled guilty to two of the six charges he was facing from these incidents. After pleading guilty, but before the date of his sentencing, McGarr unsuccessfully sought to withdraw his guilty pleas. McGarr alleged he was denied an opportunity for a contradictory hearing on his request to withdraw his guilty pleas, and after being sentenced by the trial court, sought review of that ruling. We vacated McGarr's sentences, and the matter was remanded to the district court for a hearing to consider McGarr's request to withdraw his guilty pleas.

The district court afforded McGarr a hearing on the matter, and after considering the facts, denied his request to withdraw his guilty pleas. The district court then sentenced McGarr consistent with the terms and conditions of his original sentences. McGarr now appeals the district court's discretionary decision to deny his request to withdraw his guilty pleas. McGarr asserts his guilty pleas were not knowing and voluntary, and further asserts that the hearing on the matter was not of appropriate scope, as required by the code of criminal procedure and the prior order of this Court. For the reasons set forth below, we affirm the ruling of the district court.

## FACTS

Many of the facts and much of the procedural history of this matter are detailed in *State v. McGarr*, 52,641 (La. App. 2 Cir. 04/10/19), 268 So. 3d 1189, and will not unnecessarily be repeated here. The pertinent facts

are that McGarr was charged in early 2017 with six separate crimes arising from two separate burglaries in 2016, which charges included: (1) aggravated burglary, (2) criminal conspiracy to commit aggravated burglary, (3) armed robbery, and (4) criminal conspiracy to commit armed robbery (all from the first burglary), and (5) simple burglary of an inhabited dwelling and (6) criminal conspiracy to commit simple burglary of an inhabited dwelling (from the second burglary). In March 2018, after lengthy plea negotiations McGarr entered guilty pleas to two of the pending charges against him, namely those of aggravated burglary and simple burglary of an inhabited dwelling. The other four charges against McGarr were dismissed.

The record reflects that McGarr's attorney, Robert Noel ("Noel"), began negotiating with the State on a plea agreement in early 2017. As a result of the subsequent retirement of Noel from the practice of law, approximately two weeks prior to his guilty pleas, Mitch Hoggatt ("Hoggatt") became McGarr's attorney. Hoggatt continued the efforts of Noel and spoke with McGarr approximately three times before McGarr entered his guilty pleas, including a visit to the detention center. During these two weeks, Hoggatt continued his predecessor's negotiations with the district attorney regarding the possibility of a guilty plea by McGarr. Hoggatt also facilitated a meeting between McGarr and the prosecutor, at McGarr's request, so that McGarr could argue on his own behalf for a lighter sentence.

On March 9, 2018, one week before McGarr's trial was set to begin, McGarr appeared in court with Hoggatt, and pled guilty to aggravated burglary and simple burglary of an inhabited dwelling. All other counts were dismissed. McGarr's plea agreement included a sentencing

recommendation of 15 years at hard labor for the aggravated burglary charge and 12 years at hard labor for the simple burglary charge, to run concurrently, which was a significant reduction in the amount of incarceration McGarr was facing from the original charges and from the previously extended plea offer from the district attorney.

On March 14, 2018, McGarr appeared before the trial court for sentencing with attorney John Ellis, who was standing in for Hoggatt on that day. Prior to being sentenced, McGarr told the trial court that he wanted to withdraw his guilty pleas and requested to make a statement to the court, against his counsel's wishes. The trial court did not inquire why McGarr wanted to withdraw his guilty pleas, and McGarr was not allowed to give a statement to the trial court. The trial court sentenced McGarr to 15 years at hard labor for the aggravated burglary charge and 12 years at hard labor for the simple burglary charge, to run concurrently, with credit given for time served. McGarr appealed the trial court's denial of his oral motion to withdraw his guilty pleas.

On April 10, 2019, this Court ruled on McGarr's first appeal, finding that "[t]he record clearly reflects that Defendant was properly informed of his rights at the time his guilty pleas were accepted. However, there is nothing in the record to indicate why Defendant desired to withdraw his guilty pleas." *McGarr*, 268 So. 3d at 1198. This Court noted that La. C. Cr. P. art. 559(A) mandates a contradictory hearing once a defendant has made a motion to withdraw his guilty plea, and we were unable at that time to evaluate the exercise of discretion by the trial court, as no contradictory hearing was held prior to the denial of Defendant's motion to withdraw his pleas. As such, this Court held that:

3

> [w]ithout a record of the required hearing reflecting an inquiry by the trial court into the reasons for Defendant's request to withdraw his guilty pleas, this Court is unable to evaluate the exercise of discretion by the trial court. We therefore are constrained to set aside Defendant's sentences and remand the case to the trial court to hold a hearing on Defendant's motion to withdraw his guilty pleas, with full opportunity to be afforded to Defendant to present reasons and evidence of any pertinent facts in support of the withdrawal of the pleas. The trial court can then exercise its vast discretion to either deny or allow withdrawal of the pleas.

*McGarr*, 268 So. 3d at 1199.

On May 15, 2019, a hearing in accordance with La. C. Cr. P. art. 559(A) and the order from this Court was held to consider McGarr's request to withdraw his guilty pleas.

Although McGarr's motion to withdraw his guilty pleas was made *pro se*, the trial court appointed attorney Marcy Allen ("Allen") for the hearing, at McGarr's request. The trial court gave McGarr and Allen an opportunity to confer before the hearing commenced. After conferring with McGarr and reviewing at least a portion of the transcript of McGarr's guilty plea colloquy with the court, Allen declined the trial court's offer of additional time to review materials or to further discuss the hearing with her client. In addition to the arguments of Allen on McGarr's behalf, at the outset of the hearing the trial court allowed McGarr to make a statement to the court and encouraged him to describe any reasons that he believed the court should allow the withdrawal of his guilty pleas.

McGarr testified that he was 17 years old at the time of the charges against him, he had a limited formal education, and he had little knowledge of the law at the time of his pleas. He further testified that he did not receive guidance from his attorney, who had only been on his case for two weeks prior to the pleas, and that he felt pressure to take the plea deal, as his trial

4

was starting the Monday following his pleas. Finally, McGarr argued that he did not agree with the factual basis recited by the state as to the charge of simple burglary of an inhabited dwelling but that his trial counsel confirmed his agreement for him at the time of the guilty pleas.

The state argued in response that McGarr's original attorney was an experienced attorney who negotiated with the state regarding a plea deal for McGarr for almost a year. After Noel's retirement, Hoggatt continued the plea negotiations for McGarr and was able to reduce the prison term an additional 15 years from the best plea offer extended to Noel. The state noted that discovery was taken and McGarr met with Hoggatt a number of times during their negotiations. The state further argued that McGarr conducted his own negotiations, with the prosecutor and in the presence of his attorney, in an effort to reduce his potential sentence. Finally, the state argued that McGarr never objected to the factual basis of the aggravated burglary and that his only objection during the recitation of facts of the simple burglary of an inhabited dwelling charge was that he did not have a gun when he entered the home, an element unnecessary for that charge.

At the conclusion of the contradictory hearing, the district court denied McGarr's request to withdraw his guilty pleas. Subsequently, on July 17, 2019, McGarr was sentenced and the sentence imposed mirrored the previously negotiated, recommended, and imposed sentences of 15 years at hard labor on the aggravated burglary charge and 12 years at hard labor on the simple burglary charge. The sentences were likewise ordered to run concurrently with credit for time served. This appeal by McGarr followed.

5

**DISCUSSION**

**Assignment of Error:** **The trial court abused its discretion when it found that Mr. McGarr's pleas were knowing and voluntary and denied Mr. McGarr's motion to withdraw his guilty pleas.**

In addition to the clear language of the assignment of error that McGarr's guilty plea was not knowing and voluntary, there was an additional argument by counsel that argued the scope of the contradictory hearing afforded McGarr fell short of the scope outlined in this court's prior ruling.

Under La. C. Cr. P. art. 556.1, a valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats. Article 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. *State v. Cooper*, 52,408 (La. App. 2 Cir. 11/08/18), 261 So. 3d 975; *State v. Martin*, 48,045 (La. App. 2 Cir. 05/15/13), 115 So. 3d 750; *see also Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin,* 395 U.S. at 243; *State v. Johnson*, 51,430 (La. App. 2 Cir. 07/05/17), 224 So. 3d 505; *State v. Kennedy*, 42,850 (La. App. 2 Cir. 01/09/08), 974 So. 2d 203. A plea of guilty normally waives all nonjurisdictional defects in the proceedings prior to the plea, including

6

insufficiency of the evidence. *State v. Crosby*, 338 So. 2d 584 (La. 1976); *State v. Johnson*, 51,430 (La. App. 2 Cir. 07/05/17), 224 So. 3d 505; *State v. Stephan*, 38,612 (La. App. 2 Cir. 08/18/04), 880 So. 2d 201. A validly entered guilty plea, or plea of *nolo contendere*, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. *Cooper,* 261 So. 3d at 978; *State v. Bourgeois*, 406 So. 2d 550 (La. 1981); *State v. Hardy*, 39,233 (La. App. 2 Cir. 01/26/05), 892 So. 2d 710.

> ***Was the contradictory hearing on McGarr's request to withdraw his guilty pleas conducted in accordance with La. C. Cr. P. art. 559(A) and the instructions of this court?***

The question whether McGarr was entitled to a hearing on his request to withdraw his guilty pleas has been resolved as noted above. Louisiana Code of Criminal Procedure Article 559(A) provides that "[u]pon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence." The discretion to allow the withdrawal of a guilty plea under Article 559(A) lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. *State v. Martin*, *supra.* A defendant has no absolute right to withdraw a guilty plea. *Id.*

This Court previously ordered the case remanded to the trial court "to hold a hearing on Defendant's motion to withdraw his guilty pleas, with full opportunity to be afforded to Defendant to present reasons and evidence of any pertinent facts in support of the withdrawal of the pleas." *McGarr*, 268 So. 3d at 1198. The right to and guidance regarding the scope of the hearing to which McGarr was entitled is set forth La. C. Cr. P. art. 599(A).

7

McGarr argues that he was not afforded a hearing of the scope ordered by this Court because his appointed counsel was not given sufficient time to discuss the case with McGarr, to examine the evidence, to question potential witnesses, to gather additional evidence, or to present that evidence to the trial court. McGarr argues that the state was able to prepare for the hearing and present evidence that previously had not been disclosed to counsel and could not be investigated.

In response, the state argues that the trial court complied with this Court's order to hold a hearing on McGarr's motion to withdraw his guilty pleas and that full opportunity was afforded to McGarr to present reasons and evidence of any pertinent facts in support of the withdrawal of his pleas.

A review of the record shows that McGarr's motion to withdraw his guilty pleas was *pro se* but that the trial court provided counsel upon his request. The trial court gave McGarr's newly assigned counsel time to meet with the McGarr prior to the hearing. The following exchange between the court and counsel occurred at the hearing:

| STATE: | Are you prepared to argue that… |
| --- | --- |
| MS. ALLEN: | Your Honor, on Mr. McGarr's matter, if the argument is going to be heard today, I'm probably as prepared as I will be. Of course, I would like to make it clear for the record that I was only appointed earlier in the day. I have not read the record. I started picking out a part of the transcript of the guilty plea that belongs to Mr. Wheeler. And I have not finished reading that but I think the argument is very—it appears to be pretty simple, as I see it. |
| STATE: | Well, we can do it later this afternoon if you need to go over lunch to look at it further? |
| MS. ALLEN: | I believe, like I said, Your Honor, I am as prepared as I will be. |

8

At the hearing, McGarr was given the opportunity to testify and tell the trial court in his own words the reasons that he wanted to withdraw his guilty pleas. McGarr was well prepared, spoke at length about his reasons he would like his guilty plea withdrawn, and even cited to a legal handbook. Attorney Allen provided legal arguments on his behalf, and after the state presented its case, the trial court allowed McGarr to make another statement in response to the state.

Nothing in this Court's prior order expanded or added additional minimal requirements for a hearing beyond the general constructs of La. C. Cr. P. art. 599(A). McGarr has failed to present facts or evidence that the trial court abused its discretion in the manner in which it conducted the remand hearing. The record is clear to the satisfaction of this Court that McGarr was afforded ample opportunity by the district court to present argument and evidence on his motion to withdraw his guilty pleas. There appears to have been thoughtful review by that court of its interaction with McGarr when the guilty pleas were accepted. This Court cannot find a deviation by the trial court from the contradictory hearing to which McGarr was entitled and no abuse of discretion by the trial court in conducting the remand hearing.

### *Were McGarr's guilty pleas knowing and voluntary?*

In addressing McGarr's assignment of error that the trial court abused its discretion in concluding his guilty pleas were not knowing and voluntary this Court has the opportunity to consider: (1) McGarr's actions leading up to his guilty pleas, (2) McGarr's interaction with the court and responses to

9

questions at the time of his guilty pleas, and (3) the arguments presented by McGarr and his counsel at the contradictory hearing.

### 1. *McGarr's Actions Leading up to Pleading Guilty*

McGarr argues that the trial court failed to address his argument that Hoggatt and Noel focused only on a plea bargain. When McGarr pled guilty, he confirmed that he did, in fact, commit the crimes for which he was being prosecuted. Due to his pleading guilty and stating on the record specific facts regarding his knowledge of and involvement in the crimes, it is understandable if McGarr's strategy at the time was not to allege innocence but rather to negotiate a favorable plea agreement and not risk decades of incarceration at a trial where codefendants may have been eager to satisfy the terms of their plea agreements by providing truthful testimony against McGarr.

The charges against McGarr had been pending almost one year prior to his pleading guilty, and his trial was imminently approaching. He was represented by experienced counsel who negotiated with the district attorney at length to obtain a plea offer. Upon receiving the plea offer, McGarr, understandably, continued to attempt to negotiate a better deal and lesser sentencing range for the crimes he was facing. When McGarr's counsel retired and his file was reassigned, he visited with his new counsel and requested a continuation of plea negotiations as the trial approached. That attorney was able to negotiate a plea offer to lesser charges with a substantial reduction in the recommended sentencing from what had been presented to McGarr earlier. Due to the efforts of counsel and his own personal negotiations with the district attorney, McGarr accepted the benefit of his

10

successful negotiation and was able to plead guilty to lesser charges with reduced recommended sentences.

## 2. *McGarr's Interaction with the Court When Pleading Guilty*

This Court has previously found that "Defendant was properly informed of his rights at the time his guilty pleas were accepted." *McGarr*, 268 So. 3d at 1198. McGarr argues that during his original plea hearing, he "disagreed with at least part of the shortened factual basis, was never questioned about the full factual basis, and was being pressured to make a decision[.]"

In effect, McGarr argues that his guilty plea was invalid because he disagreed with the shortened factual basis presented by the state as to the charge of simple burglary of an inhabited dwelling, but the record shows that the state presented a significant factual basis for McGarr's guilty plea. The following exchange took place at the time of McGarr's guilty pleas:

TRIAL COURT: You are charged with committing the crime of simple burglary of an inhabited dwelling in that on or about December 31, 2016, you committed simple burglary of an inhabited dwelling belonging to Deanna Harrison and Michael Ray Harrison located at 308 Morgan Street, Rayville, Louisiana. Do you understand that, that's the other charge we're talking about today?

DEFENDANT: Yes, sir.

PROSECUTOR: Judge, on that, before you go ahead? My understanding is that talking with the witnesses in that case, the simple burglary of an inhabited dwelling, that the facts are that Rashad Naylor went into the house with him and Rashad actually had a weapon with him in that particular case but you didn't. Is that—am I stating that correctly?

DEFENDANT: Yes, sir. But neither of us had a weapon.

11

PROSECUTOR:     Oh, neither one of you did?

DEFENDANT:      No, sir.

In order to convict an accused of simple burglary of an inhabited dwelling, the state must prove: (1) there was an unauthorized entry, (2) the structure was inhabited at the time of entry, and (3) defendant had the specific intent to commit a felony or theft inside the structure.  La. R.S. 14:62.2.  The factual basis, as presented by the state and agreed upon by McGarr, was sufficient to support the offense charged.  McGarr merely noted that neither he, nor his codefendant, possessed a weapon at the time of the offense.  The possession of a weapon is not an essential element of the offense to which McGarr was pleading guilty, and he agreed with the factual basis as to all essential elements.

While a court of review is not limited to the sentencing colloquy between a judge and a defendant, the involvement and statements of a defendant under oath should be afforded appropriate weight.  Here the trial court enjoyed the significant benefit of having presided McGarr's charges from the bill of information to the actual acceptance of guilty pleas.  These actions by McGarr are an important component of the totality of facts considered by the district court in reaching its ultimate decision.

### 3.  *Contradictory Hearing on Motion to Withdraw Guilty Pleas*

When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the *Boykinization* and consider all relevant factors. *State v. Griffin*, 535 So. 2d 1143 (La. App. 2 Cir. 1988); *State v. Banks,* 457 So. 2d 1264 (La. App. 1 Cir. 1984); *State v. Green,* 468 So. 2d 1344 (La. App. 1 Cir. 1985).  When called upon to ascertain an accused's state of mind, a court has the power, notwithstanding a record waiver of

12

constitutional rights, to determine whether other factors present at the time of a guilty plea were sufficient to render the plea involuntary or unintelligent, whether those factors are present inside or outside the plea colloquy record. *State v. Galliano,* 396 So. 2d 1288 (La. 1981); *State v. Lewis,* 421 So. 2d 224 (La. 1982); *Griffin*, 535 So. 2d at 1145.

The due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike federal law, has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis. *Cooper*, 261 So. 3d at 978; *State v. Estes*, 42,093 (La. App. 2 Cir. 05/09/07), 956 So. 2d 779, *writ denied*, 07-1442 (La. 04/04/08), 978 So. 2d 324. However, where a defendant protests his innocence, or the trial court is put on notice that a defendant may be innocent, a guilty plea may only be accepted by the trial court upon a judicial finding that there is a significant factual basis for the defendant's plea. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Cooper*, 261 So. 3d at 978; *State v. Bass*, 45,298 (La. App. 2 Cir. 08/11/10), 47 So. 3d 541, *writ denied*, 10-2405 (La. 02/25/11), 58 So. 3d 457.

Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. *Lewis,* 421 So. 2d at 226; *Griffin*, 535 So. 2d at 1145. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea. *Griffin*, 535 So. 2d at 1145.

13

The test for the validity of a guilty plea does not depend upon whether or not the district court specifically informed the accused of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. *Cooper*, 261 So. 3d at 979.

This record shows that McGarr was properly informed of his rights at the time that his guilty pleas were accepted by the trial court. Although McGarr now asserts that he was pressured to accept the plea agreement by his trial counsel, at the time of the pleas, McGarr informed the trial court that he did not need additional time with his trial counsel and that he was completely satisfied with the services provided by his trial counsel.

As noted by the trial court during the remand hearing, McGarr was likely feeling pressure due to his upcoming trial date, but he accepted the plea agreements in order to avoid possibly being found guilty of more severe charges and facing a much greater sentence. McGarr's case had been pending for a year prior to his guilty pleas, and his trial was set as a priority case for one week after the date of his guilty pleas. McGarr received significant benefits in the form of the length of his exposure to incarceration from pleading guilty. Those benefits were the result of lengthy negotiations between McGarr's two separate trial counsel and the state, as well as McGarr's personal discussions with the district attorney. At the time of his guilty pleas, McGarr affirmed that he had been treated fairly with the plea agreement, and that he was pleading guilty voluntarily and of his own free will because he was guilty.

Considering the foregoing, McGarr's assignment of error is without merit. We conclude the trial court fully complied with this Court's opinion

14

and with controlling law in conducting the contradictory hearing as ordered, and that it did not abuse its discretion in denying McGarr's motion to withdraw his guilty pleas.

## CONCLUSION

For the aforementioned reasons, McGarr's convictions and sentences are affirmed.

**AFFIRMED.**